CARRIE A. THOMAS, as Executrix, etc., of CALVIN BAKER, Deceased, Appellant, *v.* ALICE PECK FULLER and MARVIN FULLER, Respondents.

*Facts stated in conclusions of law — satisfaction of mortgage by a gift of the mortgage debt.*

Facts stated in a referee's conclusions of law, although not in his findings of fact, should, in support of a judgment on appeal, be treated as having been found as facts.

HUN — VOL. LXVIII.      46

In 1880, Horace Peck, having borrowed $500 from Calvin Baker, made and delivered to Baker a promissory note for that amount, payable in 1891 ; in 1886, Peck conveyed to his daughter Alice certain land, by a deed which contained a covenant that she should pay this note, as part of the consideration ; soon thereafter, Alice executed and delivered to Baker a mortgage upon the land so conveyed to her, expressed to be intended as security for the payment of the $500 for which Baker held Peck's note ; Alice, as second wife, married one Fuller, whose first wife was a daughter of Baker's, and a child by the first marriage lived with them ; Baker died in 1889, without having ever executed a discharge of the mortgage, and his executrix brought an action to foreclose the mortgage.

It appeared in evidence, on the trial before a referee, in addition to the above facts, that in 1888 Baker called on Alice, the mortgagee, and taking the Peck note from his pocket-book, handed it to her, saying, "There is the note ; " she asked, "What shall I do with it ?" and he answered, "Do what you are a mind to with it ; it is yours," and thereupon left the note with her.

*Held,* that the evidence established an intentional and valid gift of the note by Baker to Alice, and that such gift of the note operated to satisfy and extinguish the mortgage.

APPEAL by the plaintiff, Carrie A. Thomas, as executrix of Calvin Baker, deceased, from a judgment of the Supreme Court, entered in the office of the clerk of Orleans county on the 17th day of August, 1891, upon the report of a referee, dismissing the complaint upon the merits, and directing the plaintiff, as executrix, to execute and deliver to the defendant, Alice Peck Fuller, a satisfaction of the mortgage in suit.

*Irving M. Thompson,* for the appellant.

*John Cunneen,* for the respondents.

HAIGHT, J. :

This action was brought to foreclose a mortgage given by the defendant, Alice Peck Fuller, to Calvin Baker in his lifetime. The defense interposed is that the mortgage has been canceled by a gift of Baker to the defendant Alice of the indebtedness which the mortgage was given to secure.

Baker died on the 20th day of March, 1889, leaving a last will and testament, which has been duly proved and admitted to probate. On the 15th day of August, 1880, Horace Peck borrowed of Baker the sum of $500, for which he gave his promissory note payable on the 1st day of November, 1891. On January 15, 1886, Horace

Peck conveyed to the defendant, Alice Peck Fuller, his daughter, about 100 acres of land in the town of Clarendon, in the county of Orleans, containing a covenant that she, as part of the consideration for the premises, should pay the amount of the promissory note given by him to Baker. The deed was delivered to and accepted by her. And on the seventh day of October thereafter she executed and delivered to Baker the mortgage in suit upon the real estate so conveyed to her, conditioned as follows : " This grant is intended as a security for the payment of the sum of five hundred dollars, which Horace Peck of Clarendon, New York, owes the party of the second part, and for which he holds the note of said Horace Peck, dated August 15, 1880, or so much of said amount as now remains unpaid, to be paid in annual installments of fifty dollars with interest on all principal unpaid."

The defendant, Marvin Fuller, married for his first wife the daughter of the said Calvin Baker, who died nineteen years ago, leaving one daughter her surviving. That subsequently the defendant Marvin married the defendant Alice. And his daughter by his first wife has ever since continued to live in his family, and to be cared for by the defendant Alice.

The referee has found as facts : " That in the fall of 1888 the said Baker called upon the said Alice Peck Fuller at her house in said town of Clarendon, and taking out his pocket-book and taking therefrom the promissory note given by said Horace Peck as aforesaid he handed the same to her, saying, ' There is the note.' That she then inquired, ' What shall I do with it ? ' That said Baker replied, ' Do what you are a mind to with it. It is yours.' That he thereupon left the house, leaving the note with her."

And as a conclusion of law the referee found : " That in and by what occurred between said Baker and the said Alice Peck Fuller, as hereinabove set forth, the said Baker intended and designed to, and at the same time did, constitute a valid gift and delivery of said note to the said Alice. That she thereupon became the owner thereof, and that such gift and delivery extinguished and satisfied said mortgage to foreclose which this action was commenced." And concluded by ordering the complaint dismissed.

A criticism has been made upon the report of the referee to the effect that he has not found as a *fact* that there was an intentional

gift of the note by Baker to Alice. True, no such finding appears among the facts, but it does appear in his conclusions of law. And on review in support of the judgment it is our duty to treat these conclusions as facts found. (*In the Matter of the Judicial Settlement of Mary J. Clark, as Executrix, etc.*, 119 N. Y. 427.)

Does the evidence support the findings? This question is important and calls for a careful examination of the evidence. The fact that Baker handed the note to the defendant Alice and told her that it was hers is not disputed. The note was in her possession and was by her produced upon the trial, with the word "paid" written across its face. Her own version of the transaction, as testified to by the witnesses Thompson and Thomas, is that Baker handed her the note, and she said to him, "What shall I do with it?" And he replied, "What you are a mind to. It is yours." Adda A. Fuller, her daughter, testified that Baker came to their house the fall before he died; that he sat down a few minutes and then moved his chair over near her mother, and took out his pocket-book which had several papers in it, and looked them over and then handed the note to her mother. She said, "What shall I do with that?" He said, "Do what you are a mind to with it. It is yours, and I have no doubt you will do what is right."

Other evidence was given tending to show that Baker usually visited the Fullers three or four times a week; that his visits were quite regular; that he was on friendly terms with them, and often spoke to others of the kindness of the defendant Alice to his granddaughter. It further appears that he made presents to his other children.

We are aware that there is force in the suggestion that had he intended to give her the note he would have executed a discharge of the mortgage, the same as he had done when he made a present to his daughter, Mrs. Thomas. But the fact exists that he handed Alice the note under the circumstances related. It was not hers. She was not entitled to the custody of it. And nothing was said indicating that he left it with her in trust, or for safe-keeping. But instead he told her it was hers, to do with it as she had a mind to. And as one witness states, he further remarked that he had no doubt but that she would do what was right. This expression strongly sustains the conclusion of the referee. It not only indi-

cates confidence in her, but it also shows that she was expected to make a right use of that which he had just bestowed upon her.

We are aware that gifts are not usual among the ordinary business transactions where valuable considerations move the parties, and that they are not frequently induced by sentiment or affection. A gift must be proved like any other fact, and the evidence must be clear and convincing. But as we have stated, there is no conflict in the evidence as to what took place on the delivery of the note to Alice. The contention only arises as to the inferences to be drawn therefrom. The conclusion reached by the referee appears to us to be natural and logical, such as the ordinary mind would reach upon the facts. If Baker did not intend the note as a gift what did he intend? Upon this question the evidence is silent, and we are left to guess and conjecture as to the motives that actuated him without the aid of an explanation or a reason given. Under these circumstances we are inclined to the opinion that the inference is permissible that Baker intended to give the defendant Alice the note.

It is claimed that even though there was a gift of the note that it did not operate to satisfy or extinguish the mortgage, to foreclose which this action was brought. Horace Peck was the maker of the note, and was the principal debtor. When he conveyed his farm to Alice containing the covenant alluded to, and she accepted the same, she became obligated to pay it. Peck still remained liable to Baker for the indebtedness which was evidenced by the note. She also became liable, which was evidenced by the note and the covenant in her deed. The mortgage in suit was given by her to secure her own indebtedness. Whether the acceptance of the mortgage by Baker operated to discharge Peck from liability on the note it is not necessary now to determine. The mortgage created no indebtedness on the part of Alice, other than her undertaking to pay the note. The note only was to be paid. If it was given up, or ceased to exist, then there was nothing to be paid. The note and mortgage must be read and considered together in order to fix her liability. And without the note no liability on her part could be established. We think it, therefore, apparent that a discharge of the note would also operate to satisfy and extinguish the mortgage.

It is said that the defendant Alice did not understand that the gift of the note to her operated to extinguish the mortgage. It

appears that this was so until she obtained legal advice. But it is not apparent how her understanding, or want of knowledge as to the effect of the transaction, varies or changes the intent of Baker.

The judgment should be affirmed, with costs.

All concurred.

Judgment appealed from affirmed, with costs.