## J. F. KINGSLEY v. R. M. PURDOM.

1. MORTGAGE — *What Constitutes Payment.* A principal debtor, whose debt is secured by mortgage on property owned by another person, cannot, by purchase of the obligation given to secure the payment of the debt, and causing the same to be assigned to his agent, foreclose the mortgage and subject the mortgaged property to the payment to him of the debt. Such attempted purchase operates as a payment of the debt.

2. EVIDENCE, *Supports Findings.* The evidence in this case supports the findings of fact made by the court.

*Error from Allen District Court.*

THIS action was brought by George A. Bowlus, to foreclose a mortgage executed by the plaintiff in error and his mother, Celinda Thomas, to the Iola Building and Loan Association, and to recover the amount of a bond executed by the same parties, which said mortgage was given to secure. Bowlus claimed by assignment from the building and loan association. Defendant in error, R. M. Purdom, and one W. H. McDowell, were also joined as defendants. McDowell made default. Purdom answered, specifically denying that the plaintiff was the owner of the bond and mortgage sued on, and setting up a lien on the mortgaged property by virtue of a judgment of the district court of Allen county, in his favor, against the defendants Celinda Thomas and W. H. McDowell, for $335.05. The plaintiff in error, Kingsley, answered, alleging that he was only surety for the payment of the bond; that he himself purchased said bond and mortgage from the building and loan association, and, for convenience, had the same assigned to the plaintiff, and praying a foreclosure thereof in his favor. Plaintiff Bowlus thereupon filed a reply, admitting the allegations in the answer of Kingsley. An amended answer was afterwards filed by Kingsley, and a reply thereto by Purdom, in which reply it was alleged that the said bond and mortgage were paid in full by Kingsley and his mother. The

case was tried by the court, and special findings of facts were made, as follows:

"1. The defendant Celinda Norris is the mother of the defendant J. F. Kingsley, by a former marriage. Said defendants Norris and Kingsley lived in the state of Ohio. Prior to their coming to Kansas, Kingsley owned a farm in the state of Ohio. He had trouble with his wife, and separated from her, and, on account of this trouble with his wife, he made a conveyance of his Ohio farm to his mother, Mrs. Norris, apparently without any consideration. In course of time the Ohio farm was sold; and ultimately, from the proceeds of the Ohio farm, the defendant Mrs. Norris obtained the legal title to a house and lot in Iola, Kas., known as the 'Arnold property.' In equity, as between Mrs. Norris and her son, the defendant Kingsley, the Arnold property was really the property of defendant Kingsley, and it was expressly understood between Mrs. Norris and the defendant Kingsley, as far back as 1884, that said Arnold property was and should be so considered between them the property of defendant Kingsley.

"2. When Mrs. Norris obtained the legal title to said Arnold property, there was a mortgage on it in the sum of $360, which was a valid incumbrance on said land, and, for the purpose of getting money with which to pay off this mortgage, the defendants Mrs. Norris (then Mrs. Thomas) and Kingsley, on May 6, 1886, executed to the Iola Building and Loan Association a bond and mortgage for $573.48, by means of which they obtained the sum of $300, said bond and mortgage being the same that are sued on in this action. This mortgage was on real property other than the Arnold property, the title of record to said mortgaged property being in Mrs. Norris. The said $300 so obtained by this mortgage to the Iola Building and Loan Association was used in paying off the said mortgage on the Arnold property.

"3. About three or four years prior to November, 1889, the defendant Kingsley traded the Arnold property for a farm in Dakota. Mrs. Norris made the deed for the Arnold property, and the deed for the Dakota farm was made to defendant Kingsley, and he received and retained for his own use, as per agreement between him and his mother, the proceeds of said Dakota farm. Kingsley subsequently sold the Dakota farm, and with the proceeds made other investments.

The exact date of these transactions does not appear, further than heretofore stated.

"4. About June 6, 1889, the Iola Building and Loan Association commenced an action to foreclose the mortgage sued on herein, and the defendant Kingsley was a party to said suit. He thereupon went to the officers of said association, and effected an arrangement with them, whereby, in consideration of the sum of $450 paid by said defendant to said association, the said association assigned the bond and mortgage sued on to George A. Bowlus, the said Bowlus agreeing to hold the same as the agent of said Kingsley.

"5. Sometime subsequent to the execution of the mortgage sued on, the exact time not being shown, the defendant Mrs. Norris conveyed the property covered by the said mortgage to the defendant W. H. McDowell.

"6. On the 8th day of March, 1889, the defendant R. M. Purdom duly recovered a judgment in the district court of Allen county, Kansas, against the defendants Celinda Norris and W. H. McDowell for the sum of $333.05 and costs, with 10 per cent. interest thereon from said date, which judgment is still in full force and effect.

"7. It is inferable from all the evidence, facts and circumstances in the case, and I therefore find the fact to be, that the intent and purpose of defendant Kingsley, in effecting the transaction mentioned in finding of fact No. 4 herein, was to prevent the defendant Purdom from resorting to the land covered by said mortgage, for the purpose of obtaining any satisfaction of his aforesaid judgment."

And the court thereupon found as a conclusion of law that

"the defendant Kingsley is not entitled to a foreclosure of the mortgage sued on. Said mortgage is to be held and considered as paid and satisfied, and the lien of the judgment of the defendant Purdom is the first and prior lien on the land described in said mortgage."

Thereupon judgment was entered in accordance with the conclusion of the court. Kingsley excepted, and brings the case here for review.

*Ewing & Bennett,* for plaintiff in error; *Oscar Foust,* of counsel.

*C. E. Benton,* and *A. H. Campbell,* for defendant in error.

The opinion of the court was delivered by

ALLEN, J.: The plaintiff in error does not question the correctness of the second, fourth, fifth and sixth findings of fact, but challenges the first one as not supported by the evidence.   We think the evidence fairly shows that the Arnold property was purchased with the proceeds of the Ohio land, which had belonged to Kingsley; that the loan secured by the bond and mortgage in suit was obtained from the building and loan association by Kingsley to pay off a mortgage on the Arnold property; and there is no dispute whatever in the evidence as to the fact that Kingsley traded the Arnold property for Dakota land, which was deeded to himself, and which he afterward sold and received the proceeds of, the deed to the Arnold property being made by his mother to the party with whom he traded.

It is urged in opposition to finding No. 7, that the evidence shows that Kingsley acquired the title to the bond and mortgage by the assignment made by the building and loan association to his agent, Bowlus; that a surety has a right to pay the debt and take an assignment to himself of the instrument securing the same, and that he may thereupon enforce it against the principal debtor; that inasmuch as both he and his mother, who were the only parties bound by the obligation, swore positively that she was the principal, and he was only surety, that such testimony concludes the controversy in favor of the position of plaintiff in error.

Conceding the soundness of the legal proposition advanced by the plaintiff as to the right of a surety to take an assignment of the bond of his principal and enforce it by an action in his own name, we cannot hold that the mere statements in court by the parties to the instrument that Kingsley was surety necessarily determines the question.   It was not only the right, but the duty, of the court to consider all the testimony in the case, and, from all of the statements of witnesses, and the facts and circumstances surrounding the transaction, to determine who was in fact principal and who surety.   It

was Kingsley himself who took a share in the building and loan association, in order that the loan might be obtained. His name appears first on the bond, though second on the mortgage. The money was applied to the payment of a mortgage on lands to which he had the equitable though not the legal title, and from which he ultimately received the proceeds. This certainly is some evidence tending to show that he was the principal in the obligation, and, if so, of course the transaction by which the bond was assigned to his agent, for a consideration paid by himself, simply amounts to a payment and discharge of the obligation.

We think the findings of fact are supported by the evidence, and that the conclusion of law is correct. The judgment is affirmed.

All the Justices concurring.