HELENA F. COLLINS, Plaintiff, *v.* CENTRAL TRUST COMPANY OF ROCHESTER, N. Y., and Another, as Executors of the Last Will and Testament of J. RAYMOND KELLY, Deceased, Defendants.*

Supreme Court, Monroe County, November 1, 1928.

*Fowler & Wegner* and *H. H. Cohen,* for the plaintiff.

*Castle & Fitch* and *George Van Schaick,* for the defendants.

THOMPSON, J.   We must here construe and reconcile two cotemporaneous transactions or two parts of a single transaction. Decedent owned a bond and mortgage made by plaintiff to him. On April 7, 1925, decedent in the presence of a witness handed the bond to the plaintiff and said, " I am giving you this bond, and the property is free and clear, and you have nothing at all to worry about."   At the same time decedent handed plaintiff a paper, a copy of which follows:   " *April* 7, 1925

" Received from HELENA F. COLLINS Ten Thousand . . . . . . . . . . no /100 Dollars   Payment in full of mortgage for property at 11 Eastland Ave.   " J. RAYMOND KELLY
" Legal only at my death "

---

* Revd., 226 App. Div. ——.

saying that he was giving the receipt to the plaintiff to show that the property was free and clear and all paid up, and that the reason he did not want it taken off the book down town was on account of his family and on account of the bank. Plaintiff claims that this transaction amounts to a valid gift, relinquishment or extinguishing of the debt then owing by plaintiff to decedent, and defendants claim that the transaction was testamentary in character and, therefore, void.

In arriving at a meaning for this transaction which it is believed expresses the intent of the parties, the court has in mind, among other things, that " the first and fundamental rule in the interpretation of all instruments is, to construe them according to the sense of the terms, and the intention of the parties " (1 Story U. S. Const. [1st ed.] 383), and " this meaning is to be sought in the words primarily, and, in case of ambiguity or doubt, in the context, the subject-matter and the reason and purpose of the instrument." (*People* v. *N. Y. C. R. R. Co.*, 24 N. Y. 485.)

The court will if possible give effect to all parts of the instrument and a construction which gives a reasonable meaning to all its provisions will be preferred to one which leaves a portion of the writing useless and inexplicable; and if this is impossible a construction which gives effect to the main apparent purpose of the contract will be favored; and doubts arising from ambiguity of language are resolved against the one who speaks or writes. (2 Williston Cont. 1203.)

" Direct evidence of intention is admissible in case of equivocation.' (2 Williston Cont. 1185.)

And " wherever it is possible to avoid a harsh result by construction, courts have adopted that course." (2 Williston Cont. 1551.)

It seems to me that decedent intended to give this debt to the plaintiff and that he did everything necessary to do this is beyond contradiction. It was not necessary to discharge the mortgage in order to extinguish the debt. This he may or may not have known. There is no doubt but that he intended to clear the home for the plaintiff and that he believed that he had done so. He delivered the bond in the presence of a witness stating in terms of the present that it was a gift and that the place would now be free and clear and on several occasions he made the same statement to various people. There can be no doubt that he desired to refrain from discharging the mortgage of record until some future time, and equally without doubt, he had this in mind when he added the words, " legal only at my death " to the receipt just below his signature. As above suggested the receipt, no matter what its

contents, was not essential to the forgiving of the debt nor did it in my mind impose such a condition as to make the transaction testamentary as claimed. The interest was never paid or required and decedent stated to many persons after the bond and receipt were delivered to plaintiff that the debt was paid and extinguished and that the place was free and clear. I can attach no other significance to these facts than as suggested. The intent of the testator was to forgive the debt, extinguish it and resolve it solely in favor of the plaintiff at the time that he delivered the bond to her. The purpose of the receipt was doubtless to confirm and make stronger the delivery of the bond; and the words indorsed under the decedent's name in no way modified or made void the clear and unequivocal intent and meaning of the words above it, or the words and acts of the transaction connected with the delivery of the bond, but were doubtless intended by the decedent to provide only for the deferring of the formal discharge of the mortgage.

We may consider that the whole business was done by a man, now dead, who had no knowledge of the law and who proceeded without legal advice. (*Overheiser* v. *Lackey*, 207 N. Y. 229, 233.) The two agreements, or the two parts of the single agreement, are inconsistent, equivocal and contradictory. To find the true intent of the parties we must examine the setting, the circumstances and the probable desires of the parties. The bond was the debt; the mortgage the security. If the debt was satisfied, the security fell with it. (*Thomas* v. *Fuller*, 68 Hun, 361.) In such case a direction or covenant to delay entering the discharge of the security could not keep the debt alive and would be of no legal effect. Moved by these considerations, judgment is awarded to the plaintiff according to the prayer of the complaint, with costs.

So ordered.