## DERN v. HITSHEW, ET AL.

(No. 1745; March 29, 1932; 9 Pac. (2d) 467)

The cause was submitted for the appellants upon the brief of *Fagan* and *Miller*, of Lusk, Wyoming.

For respondents the cause was submitted upon the briefs of *Harold I. Batchelder, E. E. Enterline* and *Madge Enterline*, all of Casper, Wyoming.

BLUME, Justice.

On May 9, 1921, Minnie E. Dern, also known as Ethel, and Clinton Dern, her husband, plaintiffs in this action, executed to George W. Hitshew, father of Minnie E. Dern,

a mortgage in the usual form, including covenants of ownership, on 640 acres of land in Niobrara County, Wyoming, securing their note for $6000, and on July 13, 1921, they further executed a second mortgage on the same land to George W. Hitshew, securing their note for $8000. Mrs. Dern was apparently the owner of the property mortgaged at the time of the execution of these instruments, and according to her testimony she was the one who borrowed the money. Subsequently, Oliver Hitshew, son of George W. Hitshew, became the record owner thereof. Under what circumstances and how he became such owner is not shown. There is an allegation in reference thereto in his answer filed herein, but no evidence on the point was introduced at the trial. In the year 1921 George W. Hitshew assigned the mortgages above mentioned to Retta Woody, another daughter, she apparently acting merely as agent for her father. Retta Woody in turn, in 1922, at the request of her father, assigned the mortgages to the defendant Robert Howard, and the evidence shows that he, too, took and held them as agent or trustee for George W. Hitshew. The father died in December, 1927. In September previous thereto he apparently intended to make a gift of the notes and mortgages to his daughter, Mrs. Dern. On September 16, 1927, he wrote a note reading as follows:

"Mr. Robert Howard,
Dear Sir:
You will please turn that note and mortgage to Clint and Ethel Dern or whoever they want the note and mortgage of Clint's turned to.
(signed)   George Hitshew."

Mrs. Dern testified that she and her husband and her father went to see Howard and that her father then told Howard to assign both of the mortgages to her. Other testimony in the record is to a like effect. Howard, appar-

ently thinking that the request made of him was unfair, perhaps because of the fact that he thought that George W. Hitshew was then in his last illness, did not carry out the request made of him, but after the death of George W. Hitshew made and executed an assignment of the mortgages above mentioned to Mattie Hitshew, surviving widow of the deceased, and administratrix of his estate, setting forth in the assignment that he had been simply acting as the trustee and agent of the deceased. This action was brought by the plaintiffs on August 15, 1929. They claim that Minnie E. Dern is the owner of the two mortgages above mentioned. They ask that Robert Howard and Mattie Hitshew, administratrix, be declared to hold the same in trust for her, and that the mortgages be foreclosed for her benefit. Oliver Hitshew, record owner of the property described in the mortgages, was also made defendant. He answered, denying generally the allegations of the plaintiff's petition. He also filed a cross-petition, asking that the title to the property mentioned in the mortgages be quieted in him. At his request the other children of George W. Hitshew were made parties in the case. The administratrix appeared and answered, asking that the court make such direction in connection with the mortgages as might appear to be proper. Howard answered, disclaiming any interest in the mortgages and setting forth his reasons why he had made the assignment to the administratrix. The children of George W. Hitshew other than Minnie and Oliver did not appear and default was entered against them. Issues were duly joined between the parties who appeared. After hearing the evidence the court entered judgment quieting the title to the land in controversy in Oliver Hitshew, and decreeing that the notes and mortgages above mentioned should be delivered up and cancelled. From this judgment the plaintiffs have appealed.

194

While a number of errors are assigned, the only point argued is that the record in this case shows that George W. Hitshew, the deceased, intended to create a trust in favor of Mrs. Dern, and that this intention should have been carried out by the judgment of the trial court. The other errors assigned need not, accordingly, be mentioned. There is no doubt that Howard held the notes and mortgages simply as trustee or agent on behalf of the deceased. He paid no consideration for them and claims no interest in them. In other words, he held these papers merely at the direction of the deceased. The latter might do with them as he pleased. He might have them assigned for a valuable consideration or he might make a gift thereof. He evidently intended to do the latter, namely, to give them to Mrs. Dern, or to some one in her behalf. While the written directions which he gave to Howard are indefinite, there is testimony indicating, and we may, for the purposes of this case, assume, that he had both of the notes and mortgages in mind. Howard failed to carry out the directions, as above stated. There may, accordingly, be some question as to whether or not the gift was delivered within the contemplation of law. In 28 C. J. 639 it is said:

"Where the owner of property in the hands of another directs the depositary to deliver it to a third person as a gift, such direction, if executed, constitutes a valid delivery. If the depositary in such case refuses or fails to make such delivery, it has been held that the gift fails, but the contrary has also been held on the ground that the custodian should not be allowed thus to defeat the intention of the donor."

For the purposes of this case, however, we may take the most favorable view in favor of Mrs. Dern, and assume, without deciding, that the delivery of the gift was in fact complete. The question then arises as to what effect such gift had upon the notes and mortgages. So far

as the record shows, plaintiffs were the only ones liable thereon. If they were not principal debtors but sureties merely—if, for instance, they had transferred the land in question subject to the mortgages, the transferee agreeing to pay them—then, doubtless, they would have had the right to take an assignment of the notes and mortgages either personally or through agent, and enforce the collection thereof. Beach v. Waite, 21 Cal. App. 304, 131 Pac. 880; Hart v. Chase, 46 Conn. 207; Sisk v. Rapuano, 94 Conn. 274, 108 Atl. 858; Clark v. Henderson, 58 N. D. 660, 227 N. W. 185; Kingsley v. Purdom, 53 Kans. 56, 35 Pac. 811. And there are, no doubt, other cases in which equity requires that an assignment of the mortgage to the mortgagor should not operate as a discharge thereof. But there is nothing of the sort that appears in the case at bar. There is nothing here to indicate that Oliver Hitshew, the owner of the land, should pay the mortgages; nothing that would indicate that in equity Mrs. Dern, the principal debtor, should be relieved therefrom. The general rule is that a debt due from the donee to the donor may be forgiven as a gift, and that, when the transaction is complete, the debt, and with it the mortgage securing it, is extinguished. 28 C. J. 666; Thomas v. Fuller, 68 Hun. 361, 22 N. Y. S. 862; Collins v. Trust Co., 133 Misc. Rep. 93, 231 N. Y. S. 251. In Dettmers v. Taylor, 58 App. D. C. 250, 29 Fed. (2d) 450, it is said:

"It is elementary that when a note secured by a mortgage comes into the possession of the maker, the note and the mortgage securing it are extinguished."

Whether an obligation is discharged by payment thereof by the debtor who owes it, or whether the debt is forgiven, can make no difference in principle. And there are a great many cases in which the principal debtor had paid it. Thus it is held in Hussey v. Hill, 120 N. C. 312, 26 S. E.

919, 58 A. S. R. 789, that when a mortgagor purchases his own note or the equitable interest therein, it is not an assignment, but a satisfaction. In Kingsley v. Purdom, supra, it was held that:

"A principal debtor whose debt is secured by mortgage on property owned by another cannot by purchase of the obligation given to secure the payment of the debt and causing the same to be assigned to his agent foreclose the mortgage and subject the mortgaged property to the payment to him of the debt. Such attempted purchase operates as a payment of the debt."

The same principle is laid down in a number of other authorities. See Grace v. Gill, 136 Mo. App. 186, 116 S. W. 442; Barnett v. Jackson, 176 Ala. 430, 58 So. 400; McDonald v. Harkness, 146 La. 920; Drury v. Holden, 121 Ill. 130, 13 N. E. 547, and cases cited; Bull v. Smith, 45 N. D. 613, 178 N. W. 426; Jones on Mortgages, 2nd Ed., Sec. 864. Assuming, then, that Mrs. Dern became the owner of the notes and mortgages in question by reason of a complete delivery of a gift, the debt thereby became extinguished. That also extinguished the mortgages, for they were given merely to secure that debt. It is clear, accordingly, that the court in cancelling the notes and mortgages in question simply carried out the legal effect of the gift to Mrs. Dern. The judgment of the trial court must, accordingly, be affirmed. It is so ordered.

*Affirmed.*

KIMBALL, Ch. J., and RINER, J., concur.