## JOHNSON v. ANDRUS.
### No. 241.

Circuit Court of Appeals, Second Circuit.
April 28, 1941.

288

Irwin Asofsky, of New York City, for appellant.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

■■ We need not consider the original validity of Johnson's claims, because we agree with Judge Hincks that whatever they were, he released them with full knowledge of what he was doing, and for an adequate consideration, satisfactory to himself. It is not necessary to go over the testimony upon which the judge's finding was based. Johnson's story stood alone; Andrus flatly denied it and McGee corroborated him. So far as we can tell from the printed page, the probabilities supported Andrus. Even if they did not, we should not intervene. While it is true that Admiralty Rule 46½, 28 U.S.C.A. following section 723, does not declare that the findings of a judge shall have the same weight in the admiralty as in other civil causes (Rule 52 (a), of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c) there should be no difference, and they are to stand unless "clearly erroneous." Commercial Molasses Corp. v. New York Tank Barge Corp., 2 Cir., 114 F.2d 248. This is not a departure from our practice before the Rules of Civil Procedure. The Niel Maersk, 2 Cir., 91 F.2d 932; Barlow v. Pan Atlantic S. S. Corp., 2 Cir., 101 F. 2d 697. Nor need we consider whether Johnson was a "seaman" in such sense as to come within the doctrine that courts will jealously scrutinize any release executed by a seaman. Bonici v. Standard Oil Company, 2 Cir., 103 F.2d 437. Scrutinize this transaction as one will, if the finding is accepted, there was not a shadow of overreaching in its procurement; to set it aside would in effect deny to seamen the freedom to settle their controversies upon their own terms, which, as we said in Bonici v. Stand-ard Oil Company, supra, would serve in no sense to protect them, but on the contrary would force them to a suit in every case.

■ The only question which has even a semblance of plausibility is whether the release discharged the lien upon the ship as well as the claim against Andrus personally. In form it did not, it was the conventional release, purporting only to discharge the releasee. The question whether a maritime lien is released by the taking of other security at the time or later is quite another matter, though, like this transaction, it too depends upon the intention. In re Marine Transit Corporation, 2 Cir., 94 F.2d 7, 9. Of course, it was possible here to reserve the lien while releasing the debt, if that had been expressed; but it would be absurd to impute any such purpose to the parties. It is quite impossible to conceive any reason which should have induced Andrus to pay $400 to be rid of Johnson personally, but yet have left his vessel encumbered; and of this Johnson must have been perfectly well aware. The lien was only security and was discharged when the debt was discharged unless the parties provided otherwise; as is the case in other situations. Bentley v. Vanderheyden, 35 N.Y. 677; Thomas v. Fuller, 68 Hun 361, 22 N.Y.S. 862.

Decree affirmed.