**McGRAW**

v.

**STATES S. S. CO. et al.**

No. 26355.

United States District Court
N. D. California, S. D.

Nov. 25, 1953.

Gladstein, Andersen & Leonard, New York City, by Ewing Sibbett, San Francisco, Cal., for libelant.

John H. Black, Edward R. Kay, New York City, by Henry Schaldach, San Francisco, Cal., for respondents.

HARRIS, District Judge.

Libelant seeks maintenance and cure from respondent. The cause of action arises out of an illness suffered by libelant while on board respondent's vessel on a voyage to the Far East.

Respondent, by way of defense, relies upon a release of all claims and demands executed by libelant upon receipt of $600.

Respondent has the burden of showing that the seaman acted freely and with a full understanding of his rights when he signed the release in consideration of the moneys paid him. Garrett v. Moore-McCormack, 317 U.S. 239, 63 S.Ct. 246, 87 L.Ed. 239.

The evidence at the trial establishes the fact that libelant took the initiative in suggesting a settlement. In the light of the known medical history at the time, there was no overreaching on respondent's part. Libelant McGraw, himself, obtained the abstract of the clinical record from the Marine Hospital which showed that the libelant was

then suffering from painless gross hematuria—etiology unknown. This record was further substantiated by the report from the Bluff Hospital, Yokohama, Japan, which was known to both parties.

On February 21, 1952, based on the Marine Hospital report and that of the Bluff Hospital, libelant was paid maintenance to and including February 28, 1952, together with his unearned wages and transportation.

Dr. Berger of the Marine Hospital confirmed the clinical reports, through a telephonic communication to the office of the claims agent, at which time libelant was present. Respondent was in no better position to determine the clinical or medical facts than was libelant and the future of the course of the case from a medical viewpoint was problematical and in the realm of speculation. The apparent kidney ailment might have corrected itself in a matter of weeks.

Based on the information in possession of both parties, the settlement was a fair one and the consideration was adequate. Subsequent developments, showing the need for extended medical treatment and care, were not anticipated by either party and do not control in determining the validity of the release. Any financial pressure which libelant was under at the time of settlement was not known to respondent's representative.

In summation, both parties bargained at arm's length, understood the transaction, made no effort to overreach and concluded their dealings with what both believed to be a fair settlement. Under these circumstances it is not proper for the Court to set aside the release. Johnson v. Andrus, 6 Cir., 119 F.2d 287; Blake v. W. R. Chamberlin & Co., 9 Cir., 176 F.2d 511; Sitchon v. American Export Lines, 2 Cir., 113 F.2d 830.

Accordingly, it is ordered that the libel be dismissed with prejudice, upon preparation of findings of fact and conclusions of law.