[Civ. No. 965. Second Appellate District.—February 25, 1913.]

S. E. BEACH, Appellant, v. M. P. WAITE, et al.,
Respondents.

MORTGAGE—ASSUMPTION BY GRANTEE—EFFECT ON LIABILITY OF PARTIES.
A grantee of mortgaged real estate who agrees to pay the indebtedness becomes the principal debtor of the mortgagee, and the mortgagor becomes surety.

ID.—SUBSEQUENT PURCHASE OF MORTGAGE BY MORTGAGOR—FORECLOSURE.
Where the grantee of mortgaged real estate agrees to pay the indebtedness, the mortgagor may afterward take an assignment of the mortgage to himself and foreclose it against his grantee.

ID.—MORTGAGOR TAKING ASSIGNMENT OF MORTGAGE IN NAME OF ATTORNEY.—Where a grantee of real estate assumes the mortgage thereon, it is not a fraud on him for the mortgagor thereafter to take an assignment of the mortgage in the name of the attorney employed by the mortgagee to foreclose.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

J. D. Boyer, for Appellant.

Anderson & Anderson, and Alfred Siemon, for Respondents.

JAMES, J.—On February 7, 1908, M. P. Waite, one of the defendants in this action, executed his promissory note for one thousand five hundred dollars in favor of Norvin R. Strobridge and Selma S. Strobridge, which note was made pay-

able six months after date, with interest at the rate of eight per cent per annum, and which provided for the payment of attorneys' fees in the event of suit. To secure the payment of this note a mortgage was given covering certain lots of land in the county of Kern. On February 20th Waite sold this land to one Mullen, the deed of conveyance containing a recital that the land was subject to the Strobridge mortgage which the vendee assumed and agreed to discharge. On August 18, 1908, the mortgage debt not having been paid, action was brought by the mortgagees to obtain judgment of foreclosure and for any deficiency that might result upon sale of the property. On the eighteenth day of August, 1908, notice of the bringing of this action was duly recorded in Kern County. Waite's grantee, Mullen, who, with Waite, was made a party defendant in the foreclosure action and being a necessary party thereto, could not be found within the state of California and service of summons was ordered to be made upon him by publication, and personal service was also made at Brooklyn in the city of New York. The proceedings had under which service was made upon Mullen were all regular and in due form. Judgment in the foreclosure action was entered on June 24, 1909, and thereafter sale of the mortgaged premises was made to one Henry Ruettgers for an amount sufficient to satisfy the mortgage debt, together with attorneys' fees and necessary costs. On July 10, 1909, Mullen gave a quitclaim deed of his interest in the land to Elizabeth Schwartz, who in turn, on the same day, executed to plaintiff herein a deed in like form. Defendant Kaye is an attorney at law and was employed by the Strobridges to represent them in the action of foreclosure and he did appear in that action and conducted the proceedings to their conclusion. It appears from the evidence that defendant Waite, the mortgagor, was desirous of avoiding possible liability on account of the mortgage indebtedness which had been assumed by his grantee, and after the action of foreclosure was brought and before judgment he negotiated with the Strobridges regarding a settlement of the matter. It was finally agreed by the Strobridges to accept from Waite one thousand five hundred dollars, being the principal amount of the mortgage debt, and the Strobridges, in consideration of that payment being made to them, executed a written assignment

21 Cal. App.—20

whereby they assigned all of their interest in the mortgage debt and their claims arising out of the same to the defendant Kaye for the benefit of Waite, their mortgagor. This instrument of assignment over the signatures of the two Strobridges contained the following provision: "And we agree to carry to completion and final judgment and sale the action heretofore commenced for the foreclosure of said mortgage and to pay all costs of court that may be incurred in said action, together with attorneys' fees, which fees shall not exceed $75." No substitution of parties was made in the foreclosure action and that suit progressed to judgment with the names of the Strobridges appearing as plaintiffs. The facts as we have recited them in the foregoing are gathered from the undisputed evidence as set forth in the statement which forms a part of the record on this appeal. Plaintiff Beach, being the grantee named in the quitclaim deed from Elizabeth Schwartz, brought this action to recover damages in the sum of two thousand dollars, which he alleged he had suffered by reason of an alleged abuse of the process of the court in the county of Kern. It was set forth in his complaint as ground thereof that Kaye and Waite, conspiring to cheat and defraud the plaintiff, caused execution sale upon the judgment of foreclosure to be made, which judgment plaintiff alleged to be false and fraudulent and a sham. The whole theory of plaintiff's case may be summarized in the contention that when Waite made settlement with the Strobridges of the mortgage debt, the lien of the mortgage was thereby extinguished and that no judgment of foreclosure could thereafter be legally rendered to affect the interest of a subsequent purchaser, such as the plaintiff was shown to be. Upon the trial of the action the superior court determined all of the essential issues in favor of the defendants, and judgment was rendered accordingly. Plaintiff took an appeal from that judgment, and also from an order denying his motion for a new trial.

We think that the trial court correctly determined the issues upon the evidence submitted and which we have already stated in substance. It has been held that where a grantee of a mortgagor takes real property subject to a mortgage and agrees to pay such indebtedness, he becomes in law the principal debtor of the mortgagee, and the mortgagor his surety. This proposition admits of no dispute,

as it is well settled by the decisions of several cases by
our supreme court, of which we need only cite *Hopkins* v.
*Warner*, 109 Cal. 133, [41 Pac. 868]. Neither can it be ques-
tioned but that a mortgagor, under the conditions last stated,
may purchase and take an assignment of the mortgage to
himself and foreclose the same against his grantee. We
quote from Jones on Mortgages, section 768: "If a purchaser
who has assumed a mortgage debt omits to pay it when due,
the grantor may take an assignment of the mortgage to him-
self, foreclose the same, and sue for the deficiency. . . . And
so a mortgagor, who has sold subject to the mortgage debt,
upon being compelled to pay it, is subrogated to the benefit
of the security, without any formal assignment of it to him.
He thereby becomes an equitable assignee of it, and may
enforce it against the property." And so defendant Waite,
when he made settlement with the Strobridges and took an
assignment of the mortgage for his own benefit, acted in a
perfectly legal and proper way to secure himself as against
his defaulting grantee. No fraud was committed because
the assignment in form was made in favor of Mr. Kaye, the
attorney, and there was a very good reason why the assign-
ment was so made to run; the Strobridges by their contract
of assignment agreed to see that the action was prosecuted to
a conclusion, and Mr. Kaye was the attorney who had charge
of the litigation. It was no more than natural, at least no
criticism could be predicated upon such act, that Waite
should have selected the attorney to hold his interest in the
subject matter of the foreclosure action until that suit was
finally determined and settlement secured. A close and
critical scanning of the record fails to disclose to our minds
any ground upon which to base a charge of dishonest or dis-
honorable conduct against either of the defendants here sued.
Furthermore, there is express statutory authority for the con-
tinuing of an action in the name of the original party after
a transfer of interest therein, it being provided: "In case of
. . . transfer of interest, the action or proceeding may be
continued in the name of the original party, or the court may
allow the person to whom the transfer is made to be sub-
stituted in the action or proceeding." (Code Civ. Proc., sec.
385.) Plaintiff herein took the quitclaim deed to the prop-
erty charged with knowledge of the existence of the record

mortgage held by the Strobridges, and charged with the knowledge given him by the recording of the *lis pendens* of an action pending to foreclose that, mortgage; and charged with the knowledge that his predecessor in interest, Mullen, had assumed and agreed to pay the mortgage debt. If he had been permitted to succeed in this action, the result would be that his property would be relieved of the mortgage encumbrance without his having given consideration therefor. Equitable considerations, if they were entitled to be weighed in this action, would give little standing to plaintiff's suit. We have shown, however, that under the evidence the defendants incurred no liability on account of any act of theirs taken in connection with the mortgage transaction and the sale of the mortgaged property.

The judgment and order are affirmed.

Allen, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 26, 1913.