[L. A. No. 5555.   In Bank.—April 10, 1918.]

WHITING–MEAD COMMERCIAL COMPANY (a Corporation), Appellant, v. BAYSIDE LAND COMPANY (a Corporation), et al., Respondents; BEN KELSEY et al., Defendants, and Consolidated Causes.

APPEAL—FINAL JUDGMENT—TIME—PENDENCY OF PROCEEDINGS FOR NEW TRIAL.—Under sections 939 and 941b of the Code of Civil Procedure, which provide that an appeal from a final judgment must be taken within sixty days from the entry of the judgment, provided that, "If proceedings on motion for a new trial are pending, the time for appeal from the judgment shall not expire until thirty days after entry in the trial court of the order determining such motion for a new trial, or other termination in the trial court of the proceedings upon such motion," the last proviso, extending the time, is limited in its effect to those cases where a new trial proceeding is regularly initiated by the *filing and service* of a notice of intention to move for a new trial "within ten days after receiving notice of the entry of the judgment, or within ten days after verdict, if the trial was by jury," as required by section 659 of the Code of Civil Procedure, and if a new trial proceeding be not so initiated within such ten days, no proceeding on a motion for new trial can be held to be "pending" within the meaning of sections 939 and 941b, and an appeal from the final judgment to be effective must be taken within sixty days from the entry of the judgment.

MOTION to dismiss appeal from a judgment of the Superior Court of Orange County.   Z. B. West, Judge.

The facts are stated in the opinion of the court.

R. L. Horton, for Appellant.

Bordwell & Mathews, and Milton K. Young, for Respondents.

THE COURT.—In this case the motion to dismiss the appeal from final judgment on the ground that the appeal was not taken within the time provided by law was granted from the bench. As the matter involved the construction of certain sections of our Code of Civil Procedure relative to appeals, it is deemed proper to briefly state the reasons on which the decision of the court is based.

The final judgment herein was actually entered in the superior court on August 10, 1917, and the appeal was not taken until November 9, 1917, which was more than sixty days after the entry of the judgment. Our law substantially provides (Code Civ. Proc., secs. 939 and 941b) that an appeal from the judgment must be taken within sixty days from the entry of the judgment. It further provides: "If proceedings on motion for a new trial are pending, the time for appeal from the judgment shall not expire until thirty days after entry in the trial court of the order determining such motion for a new trial, or other termination in the trial court of the proceedings upon such motion." Appellant relies on the provision quoted. Its notice of intention to move for a new trial was, however, not filed within ten days after notice of the entry of the judgment, as required by section 659 of the Code of Civil Procedure. In our opinion the provision relied on is limited in its effect to those cases where a new trial proceeding is regularly initiated by the *filing and service* of a notice of intention to move for a new trial "within ten days after receiving notice of the entry of the judgment, or within ten days after verdict, if the trial was by jury," as required by section 659 of the Code of Civil Procedure. If a new trial proceeding be not so initiated within such ten days, no proceeding on motion for a new trial can be held to be "pending" within the meaning of sections 939 and 941b, and an appeal from the final judgment to be effective must be taken within sixty days from the entry of the judgment.

It was for this reason that the appeal from the judgment was dismissed.