[L. A. No. 6047.   In Bank.—May 29, 1919.]

In the Matter of the Estate of CAROLYNN E. NUTT, Deceased.

[1] APPEAL—JUDGMENT—TIME—DISMISSAL.—An appeal from a judgment will not be dismissed on the ground that it was not taken within sixty days after the entry of the judgment, if taken within thirty days after the entry of an order denying a motion for a new trial and the proceeding for a new trial was duly initiated.

[2] ID.—PENDENCY OF PROCEEDING ON MOTION FOR NEW TRIAL—ESSENTIALS—SERVICE AND FILING OF NOTICE OF INTENTION.—Under section 663a of the Code of Civil Procedure, a party desiring to initiate a proceeding for a new trial must serve on the adverse party and file with the clerk of the court a notice of intention within a time specified, and unless the notice of intention be both served and filed within the time there is no initiation of a proceeding and no

such "proceedings . . . are pending," within the meaning of section 939 of the Code of Civil Procedure, with the result that in such a case the right of appeal expires sixty days after the entry of judgment.

[3] ID.—JUDGMENT SUSTAINING OPPOSITION TO PROBATE OF WILL—POSTPONEMENT OF SEPARATE OPPOSITION—SERVICE OF NOTICE OF INTENTION TO MOVE FOR NEW TRIAL—PARTIES.—A motion to dismiss an appeal from a judgment sustaining the opposition of two heirs of a deceased person to the probate of an alleged will on the ground that the appeal was not taken within sixty days after the entry of the judgment, must be denied, where the appeal was taken within thirty days after the entry of an order denying the proponent's motion for a new trial, notwithstanding the notice of intention to move for a new trial was addressed only to such heirs and served on them alone, and not addressed to or served upon another heir who had presented a separate opposition to the probate and whose opposition had been postponed to await the determination of the other opposition.

[4] ID.—FAILURE TO SERVE OTHER CONTESTANT—EFFECT OF.—If it be true that the heir who filed a separate opposition was an adverse party in the sense that unless by service she was made a party to the proceedings on motion for a new trial, the trial court could not properly grant the motion, that fact would be a reason requiring the denial of the motion, but it would not deprive the trial court of jurisdiction to hear and determine the motion.

MOTION to dismiss an appeal from a judgment of the Superior Court of Los Angeles County. Chas. Monroe, Judge. Denied.

The facts are stated in the opinion of the court.

Hahn & Hahn and Stephen G. Long for Appellant.

M. B. Butler for Respondent.

ANGELLOTTI, C. J.—This is a motion to dismiss an appeal taken by W. Ray Simpson, the proponent of an alleged will of deceased, from a judgment sustaining the opposition of two heirs of deceased to the probate thereof. One of the grounds of the motion is that the appeal was not taken within sixty days after the entry of judgment. [1] But it was taken within thirty days after the entry of an order denying proponent's attempted motion for a new trial, which was in time if such a proceeding was duly initiated. (Code Civ. Proc., sec. 939.)

[2] Under section 663a of the Code of Civil Procedure, the party desiring to initiate such a proceeding must serve on the adverse party and file with the clerk of the court a notice of intention within a time specified. We have held that unless the notice of intention be both served and filed within the specified time there is no initiation of a proceeding on motion for new trial, and no such "proceedings . . . are pending" within the meaning of section 939 of the Code of Civil Procedure (*Whiting-Mead etc. Co.* v. *Bayside Land Co.*, 178 Cal. 93, [172 Pac. 598]), with the result that in such a case the right of appeal expires sixty days after the entry of judgment. This ruling was made in a case where there was no filing of any notice of intention within the specified time, with the result that there was no initiation of a proceeding on motion for new trial as to any adverse party.

[3] The situation here is different. The point in the case at bar is that no such proceeding was initiated for the reason that the notice of intention was never served on one Ann Nutt Baker, claimed to be an adverse party. The facts in this connection are as follows: There were two alleged wills of deceased, one dated August 17, 1917, and the other dated September 24, 1917. Both have been filed for probate and opposition to probate presented as to each, Ann Nutt Baker contesting both wills, and Martha Nutt and David Nutt, beneficiaries under the earlier will, contesting the will of September 24th. As to the will of September 24th, offered for probate by one W. Ray Simpson, the sole beneficiary thereunder, the contest of Martha Nutt and David Nutt was on the ground of fraud and undue influence, while that of Ann Nutt Baker was on the ground of incompetency to make a will. The question of the admission to probate of the alleged will of September 24th being before the court and the two oppositions to such admission pending, for some reason the court proceeded with a trial of the issues presented by the opposition of Martha and David Nutt only, the opposition of Ann Nutt Baker being postponed to await the determination of the other opposition. This trial resulted in a verdict for the contestants, with a consequent judgment declaring the will of September 24th to be "null and void." This is the judgment attempted to be appealed from.

The notice of intention to move for a new trial was addressed only to Martha and David Nutt, and was served on

them alone and filed within the specified time. This was upon the theory, doubtless, that under the circumstances Ann Nutt Baker was not an adverse party, and need not be made a party to the new trial proceeding. We may assume that this view was erroneous, but we are of the opinion that it does not follow that no new trial proceeding was duly initiated. To the contrary, it is clear that by the service and filing of the notice on Martha and David Nutt within the specified time, such a proceeding was duly initiated as to them at least, and that the trial court had jurisdiction to determine the motion.

[4] If it be true that Ann Nutt Baker was an adverse party in the sense that unless by service she was made a party to the proceeding on motion for a new trial the trial court could not properly grant the motion, that fact would be a reason requiring the denial of the motion, but it would not deprive the trial court of jurisdiction to hear and determine the motion. This, we think, is the effect of the authorities. (See *Johnson* v. *Phenix Ins. Co.*, 146 Cal. 571, [80 Pac. 719], and cases there cited.) So it may not be held that a new trial proceeding was not pending in this case. Its facts clearly distinguish it from *Whiting-Mead etc. Co.* v. *Bayside Land Co.*, *supra*, where there was no initiation of a new trial proceeding as to any adverse party. It follows from what we have said that the appeal taken within thirty days after the entry of the order denying a new trial was in time.

The other ground of the motion to dismiss was that no sufficient notice of appeal was ever filed. As to this ground we orally stated our views from the bench at the time of the hearing of the motion, to the effect that the notice should be held to be sufficient. No useful purpose would be subserved by further discussion of this point.

The motion to dismiss the appeal is denied.

Shaw, J., Wilbur, J., Olney, J., Lennon, J., Lawlor, J., and Melvin, J., concurred.