[S. F. No. 11904. In Bank.—August 9, 1926.]

## U. H. PEAK et al., Respondents, v. KEY SYSTEM TRANSIT COMPANY (a Corporation), Appellant.

[1] APPEAL—MOTION FOR NEW TRIAL—FAILURE TO SERVE ONE OF TWO PARTIES—TIME FOR APPEAL.—In an action for damages 'against a railroad company by one alleged to have received personal injuries through its negligence, in which action the State Compensation Insurance Fund, which had paid compensation on account of the injuries, intervened as a plaintiff, although the failure of the defendant to serve the State Compensation Insurance Fund with notice of motion for a new trial was error, the service of the notice on the other plaintiff within time conferred jurisdiction upon the

---

1. See 2 Cal. Jur. 409.

trial court to determine the motion, and an appeal from the judgment within thirty days after the entry of the order denying the motion for a new trial was within time.

(1) 3 C. J., p. 1053, n. 11.

MOTION to dismiss an appeal from a judgment of the Superior Court of Alameda County. E. C. Robinson, Judge. Motion denied.

The facts are stated in the opinion of the court.

Donahue, Hynes & Hamlin, Brobeck, Phleger & Harrison and Chapman, Trefethen & Chapman for Appellant.

Frank J. Creede, T. M. Slaven and W. J. O'Connor for Respondents.

THE COURT.—Motion to dismiss appeal. Plaintiff and respondent Peak brought an action to recover damages from defendant and appellant, Key System Transit Company, a corporation, on account of personal injuries alleged to have been inflicted by the negligence of said Key System Transit Company. Respondent State Compensation Insurance Fund, the carrier of the insurance policy issued to Peak's employer, by virtue of the provisions of the Workmen's Compensation, Insurance and Safety Act, and, as such insurer, having paid compensation on account of the injuries received by Peak, also filed an action against said Key System Transit Company to recover the damages which it had sustained and had been compelled to pay by reason of its contract of insurance. (Sec. 26, Workmen's Compensation, Insurance and Safety Act, Stats. 1919, p. 920.) On the second day of the trial the court granted said State Compensation Insurance Fund's motion to intervene as a plaintiff in said action. The jury returned a verdict in favor of plaintiffs in the sum of $2,500. Within the statutory period defendant served upon respondent Peak and filed with the court a notice of intention to move for a new trial, but did not serve said respondent State Compensation Insurance Fund or its attorneys with said motion. Within thirty days after the termination of the proceedings upon the motion for a new trial, which was denied, appellant

gave to both respondents a notice of appeal and prepared its record on appeal. Respondent State Compensation Insurance Fund in due time filed in this court a notice of motion to dismiss the appeal which is now before us. The grounds of the motion, as therein stated, are, first, that the notice of appeal was not filed within the time allowed by law, and, second, that no notice of intention to move for a new trial was served at any time upon it, respondent State Compensation Insurance Fund. Respondent Peak does not join in this motion. The notice of intention to move for a new trial as served upon Peak was within the time allowed by law and the motion having been heard by the court was denied. [1] It is true that the appeal was not taken within sixty days after the entry of judgment, but it was taken within thirty days after the entry of the order denying applicant's motion for a new trial which was in time if such proceeding was duly initiated. (Code Civ. Proc., sec. 939; *Estate of Nutt,* 180 Cal. 419 [181 Pac. 661]. Assuming, as we must, that it was erroneous not to serve the State Compensation Insurance Fund with notice of intention to move for a new trial "it does not follow that no new trial proceeding was duly initiated." Service upon Peak within the time prescribed by statute conferred jurisdiction upon the trial court to determine the motion. (*Estate of Nutt, supra.*) This proceeding does not, as pointed out in the *Estate of Nutt, supra,* present a case wherein there was no initiation of a new trial proceeding as to *any* adverse party.

The motion to dismiss the appeal is denied.