[Civ. Nos. 3720, 3721, 3722. Third Appellate District.—March 18, 1929.]

EMELIA POMPER et al., Respondents, v. ALFRED A. BEHNKE et al., Appellants.

John F. Poole for Appellants.

Isaac Pacht and Clore Warne for Respondents.

McDANIEL, J., *pro tem.*—There are three appeals pending herein, numbered, respectively, as above indicated. Civil No. 3720, L. A. No. 9382, is an appeal from an interlocutory judgment in favor of plaintiff. Civil No. 3721, L. A. No. 9383, is an appeal from a judgment denying the motion of defendants to retax costs. Civil No. 3722, L. A. No. 9999, is an appeal from a final judgment made and entered in favor of plaintiff against certain defendants and from an order denying defendants' motion for another and different

judgment. By stipulation of respective counsel, and by order of the supreme court, the three appeals have been consolidated, together with the respective records thereof, which are here on bills of exceptions, and are to be considered and determined as upon the last-named appeal.

This is a suit to quiet title. Its history shows that it was commenced on September 29, 1920, by one Emelia Pomper to quiet her title to a certain piece of real property described in the pleadings and judgment herein as residence property on Flower Street in the city of Los Angeles, California. The defendant in the action was one Behnke. On motion for new trial, same was granted, which resulted in a judgment in favor of the plaintiff. Another motion for a new trial was made and granted, and thereupon the case was taken before the supreme court on *certiorari* to review the action of the lower court in granting the said motion. After affirmance of the said order granting the new trial the case was tried for the third time by the superior court, judgment rendered, and appeal taken as above indicated.

The facts are as follows: The plaintiff Emelia Auguste Pomper and Frederick Emil Pomper (also known as Fritz Pomper) were married in Germany, September 5, 1881, and lived together as husband and wife until August, 1891, during which time there were born their five children, of whom two have died, leaving three daughters surviving, named Anna Wanda Loeffler, Anna Auguste Herold and Freda Camila Rudolph, now named as plaintiffs and respondents herein. They are all of adult age and married. The names given above are their present surnames. In the year 1891 the said Fritz Pomper left his home in Germany and came to America. Either at the same time, or within two or three years later, the said Emelia Lenk also came to America and began to live with Fritz Pomper in the city of Chicago, whence they removed to the city of Los Angeles, California. They continued to reside together until the death of Fritz Pomper in June, 1918. In the year 1905 Fritz Pomper purchased the property in question from one Eichholz, paying down the sum of $500 and executing a note and mortgage in the principal sum of $4,500 as and for the balance of the full purchase price of $5,000 agreed to be paid for said property; the said note and mortgage were also signed by Emelia Lenk, who used the name, in so signing, of "Emelia Pom-

per"; and the balance of the purchase price thereafter was paid during the time that Fritz Pomper and Emelia Lenk Pomper were living together. On September 8, 1908, Fritz Pomper executed a deed to Emelie Pomper (Emelia Lenk Pomper of Los Angeles), which was, in form, a grant deed describing the property in question, which was found after the death of Emelie Pomper with her effects contained in her trunk, which may have been, prior to his death, the trunk of both Fritz and Emelia Lenk. (It may be noted, parenthetically, that throughout all the documentary evidence, pleadings and judgment, the name of "Emelia Lenk" of Los Angeles, also known as "Emelia Pomper" of Los Angeles, and the name of "Emelia Pomper" of Germany have been spelled in various ways. For convenience hereafter the two names, respectively, will be spelled in a uniform manner.) The consideration named in said deed was the sum of ten dollars. The said deed was recorded November 10, 1920, by one of the defendants, Adelina Heinze. On September 20, 1915, Fritz Pomper executed a deed of gift of said property to Emelia Pomper, which was recorded on September 21, 1915, in the records of Los Angeles County, California. Emelia Lenk Pomper died September 7, 1919, and at the time of her death resided with defendant Heinze. In August, as before noted, the respondent Emelia Pomper, commenced this suit, and later, by amendments, the other parties plaintiff were added. The appellants, in their bill of exceptions, specified certain rulings of the court, in the admission or rejection of testimony and evidence, as error. Error is also predicated upon the refusal of the court, after judgment rendered, to enter a new and different judgment.

█ At the outset respondent raises the objection that the order denying a motion for a new and different judgment last referred to is not appealable. It is well settled, however, in this state that an appeal lies from an order denying motion to enter a new and different judgment. (*Gittleson* v. *Gandolfo*, 85 Cal. App. 230 [259 Pac. 340]; *Condon* v. *Donohue*, 160 Cal. 749 [118 Pac. 113].) █ Respondent also argues that this court has no jurisdiction of the appeals, wherein he contends, "no notice of a new trial or motion to vacate" was served on Frank Bryson, administrator of the estate of Fritz Pomper, deceased, a defendant brought in as a party under order of the trial court. With

respect to this objection as to jurisdiction, we believe it to be without merit. The notice of appeal in this case appears to have been within due time after denial of the motion for new trial. The trial court's final judgment was against the said defendant Bryson. The motion for new trial was denied. Bryson's position was left unaffected if he were, in fact, in any sense an adverse party within the contemplation of section 663a of the Code of Civil Procedure.

As will more fully appear hereafter, the public administrator, as the administrator of the estate of Fritz Pomper, did not interpose any special defense, nor after judgment, take any appeal from any order, and no averments may be found in the pleadings seeking any other relief than to quiet any title that might by law vest in him as such administrator.

The notice of intention to move for a new trial in this proceeding was addressed only to plaintiffs, and served on them alone, and filed within the specified time. This may have been upon an erroneous theory, possibly, that Bryson was not an adverse party. Nevertheless, upon the authority of the *Estate of Nutt*, 180 Cal. 419 [181 Pac. 661], the appeal was filed within the statutory time after the denial of the motion for a new trial, after due hearing.

█ The following statement of appellants' position on this appeal may be taken as a basis for the discussion of the facts and the law applicable to this case, which will follow: (a) Appellants contend that error appears by the record here, as follows: I. That the evidence is wholly insufficient to sustain the basic and essential findings; a. That the real property, the subject matter of this action, was community property of Fritz Pomper and the respondent Emelia Pomper. b. That the deed of 1908, Fritz Pomper to Emelia Pomper, was without consideration and that it was recorded subsequent to filing of *lis pendens* in this action. c. That the conveyances under which appellants claim were made with intent to defraud respondent. II. That the court erred in refusing to permit evidence showing consideration to Emelia Pomper of Los Angeles for deed to appellants. III. That even if said property was community property, Fritz Pomper made a valid conveyance to one-half thereof, and that, therefore, order to enter another and different judgment was proper. IV. No estate or interest is shown in respondent children. V. That the item of costs sought

to be stricken from the cost bill was not properly taxed against appellants. Under stipulation, all the claimants herein would deraign their title through the deed above named executed by Eichholz and his wife, Emma Eichholz, granting the property in dispute to Fritz Pomper of Los Angeles. Throughout their carefully prepared brief appellants seem to base their arguments that the plaintiff Emelia Pomper of Germany has no right, title or interest to even a community property right to the property, upon the fact that the evidence discloses, at least from the year 1896 to the date of his death, Fritz Pomper and Emelia Lenk lived together in the same house. If the evidence herein disclosed that a marriage between Fritz Pomper and Emelia Pomper of Los Angeles had been solemnized in any manner, or at all, as required by the law of California, the case on this appeal would present an aspect different than that which it now presents, but it is not claimed in the pleadings nor in the argument that there is any evidence in the case that any marriage ceremony ever had taken place between those two persons. It is, of course, claimed that they lived together as husband and wife, and upon that fact alone, together with the many years during which the two resided together, appellants base their argument that the property having been acquired as the fruits of their joint industry, by analogy at least, must be considered a sort of a community property as between themselves, and that the first Emelia Pomper, although never divorced from Fritz Pomper, had in nowise contributed to the acquiring of said property, and therefore had no community interest therein. The argument, as stated, has been ingenuous and elaborate. He cites, in support of same, *Tibbett* v. *Fore*, 70 Cal. 242, 244 [11 Pac. 648], *Ord* v. *De la Guerra*, 18 Cal. 67, 74, *Schneider* v. *Schneider*, 183 Cal. 335 [11 A. L. R. 1386, 191 Pac. 533], *Coates* v. *Coates*, 160 Cal. 671, 675 [36 L. R. A. (N. S.) 844, 118 Pac. 441], *Brenchley* v. *Brenchley*, 96 Wash. 223 [L. R. A. 1917E, 968, 164 Pac. 913], and *Barkley* v. *Dumke*, 99 Tex. 150 [87 S. W. 1147], which are cases where the second wife of a void or voidable marriage is seeking to establish her right to an equitable share of the property acquired while the marriage subsisted, and they do not deal with conflicting equities between a first wife—still the legal wife of the husband—and the alleged rights to an interest in the property

of the so-called putative wife. It is deemed unnecessary to discuss each of the citations and arguments made by appellants in much detail or at great length, for the reason that we believe they have themselves, by their pleadings, cut the grounds from under their own argument. In paragraph one of the second defense in their answer to the amended complaint defendants affirmatively allege the marriage of Fritz Pomper and Emelia Pomper of Germany, and the continuance of the marriage relationship between those two to the date of Fritz Pomper's death in June, 1918. The paragraph referred to is as follows: ''That these defendants are informed that plaintiff at all times mentioned in the complaint was and still is a resident of Gloesa, Chemnitz, Germany, and that she and one Frederick Emil Pomper, sometimes known as Fritz Pomper and sometimes known as Fred E. Pomper, intermarried at Gloesa, Chemnitz, Germany, on September 25, 1881, and remained husband and wife until the death of the said Fritz Pomper in Los Angeles, California, on or about the 10th day of June, 1918.'' Construing the language, as we must, most strongly against the pleader, it must be regarded as an admission of the unbroken marriage relationship between Fritz Pomper and Emelia Pomper of Germany from its inception in 1881 to June 10, 1918. To make this admission doubly strong appellants in their reply brief herein, in their recapitulation of the case, after mentioning the date when Fritz Pomper acquired the property by purchase in 1905, state: ''At that time, and at all times thereafter, until his death, June 10, 1918, Fritz Pomper and the respondent Emelia Pomper (of Germany), were husband and wife.'' This point will be further noticed later.

(b-c) Appellants assail the court's findings numbered VII, VIII, IX, XI, XIV and XV as not supported by the evidence. In substance, finding VII is that defendants make claim to the property by reason of the deed dated September 8, 1908, of Fritz Pomper to Emelia Pomper of Los Angeles; that there was not any valuable, or adequate, or any sufficient consideration for said deed; that a nominal consideration of $10 was recited; that the deed was not filed for record until subsequent to the commencement of this action and the filing of *lis pendens* herein, when recorded by defendant Heinze without right or authority.

Finding VIII is that defendants have no right whatever in or to the property in question.

Finding IX is that the property was community property of Fritz Pomper and his wife Emelia Pomper (of Germany), having been acquired during coverture, at the price of $5,500, paid by Fritz Pomper from his wages and earnings.

Finding XI is that Emelia Lenk (Emelia Pomper of Los Angeles) knew at all times of the existence of the true wife and her children, the children, also, of Fritz Pomper.

In looking at appellants' criticism of finding VII, we keep in mind the code sections: "A written instrument is presumptive evidence of consideration." (Civ. Code, sec. 1614.) "The burden of showing want of consideration sufficient to support an instrument lies with the party seeking to invalidate or avoid it." (Civ. Code, sec. 1615.) " . . . nor can any transfer or charge be adjudged fraudulent solely on the ground that it was not made for a valuable consideration." (Civ. Code, sec. 3442.) The presumption as to a valuable consideration, however, is a disputable one and may be overthrown by evidence to the contrary. Proof was adduced at the trial that the property in question had a reasonable value of $5,000. Being but the sum of $10, it is apparent on the face of the transaction that the named consideration was an inadequate and not a valuable one.

"The statement in the deed that a certain sum has been paid as the consideration is an admission or acknowledgment of the grantor that such is the fact, and such statement may be accepted as *prima facie* evidence of its truth." (2 Devlin on Deeds, 2d ed., sec. 817.) Paraphrasing a statement of the late Justice Hart of this court, in an opinion written by him, viz., *Kinsell* v. *Thomas,* 18 Cal. App. 683, at 692 [124 Pac. 220, 224], it may be said here: "There is no evidence in the record rebutting the inference that the amount recited in the deed as the consideration for the conveyance to Emelia Pomper of Los Angeles in 1908, viz., the sum of $10 was the sum actually paid by her to Fritz Pomper for the realty."

The inadequacy of the nominal consideration, compared with the value of the property, warrants an inference, not that the transaction was fraudulent, but that it was a transfer by way of gift. That inference is strengthened by the execution of the second deed by the same grantor to the

same grantee in 1915, purporting to convey the same real property. The deed of 1915 is one of gift to Emelia Pomper, designated therein as his wife, for and in consideration of love and affection. In finding III the trial court finds this was a purported deed of gift executed by Fritz Pomper to Emelia Lenk, also known as Emelia Pomper.

 Appellants urge the view that the property was not community property of Fritz Pomper and Emelia Pomper of Germany, but rather was community property of Fritz and Emelia Lenk, also known as Emelia Pomper of Los Angeles. It is said on page 31 of their opening brief that, "It appears that there was the ceremony of marriage between the parties in 1896, and that thereafter they continued to live as man and wife." That statement is not supported by the record. It may be noted that notwithstanding the admissions in the pleadings and the arguments to the contrary, there was offered in evidence a certain paper purporting to be a marriage certificate issued by some person as a justice of the peace, but upon proper objection to the offer, because there was no identification of signatures nor proof of authenticity, the document was not admitted in evidence. The only other showing in this respect in the record is a statement of Mrs. Heinze (now deceased), that she had heard Fritz Pomper say that he and Emelia Lenk were married in Chicago in 1896. Of course, that hearsay statement alone is not sufficient proof of marriage under the marriage law of California as it existed in 1896 after amendment in 1895 to section 68 et seq. of the Civil Code. Appellants' argument on this point is not sound, the marriage of Fritz Pomper and Emelia Pomper of Germany being a subsisting marriage when Fritz acquired the property, it stood of record in his name. From the case of *In re Boody*, 113 Cal. 682 [45 Pac. 858], we quote from page 686: "The purchase of the lands having been made during marriage, the presumption is that it was community property, and this presumption could be overthrown only by evidence of a clear, certain and convincing character establishing the contrary; and the burden of this showing rested with the parties claiming the separate character of the property. In the absence of such proof the presumption as to the community character of the property was absolute and conclusive." When the deed of

638

1908 of Fritz Pomper to Emelia Pomper of Los Angeles was admitted in evidence, the court properly ruled there had been due delivery thereof to the grantee, as it was found when she died, with her personal effects. Recordation was not necessary to make it effective as a transfer from grantor to grantee.

The finding as to a *lis pendens* and the recordation thereof by respondent prior to the recordation of the deed of 1908 is immaterial. The gift deed of 1915, if of any effect, merely confirmed the prior deed of 1908, and was recorded long before this litigation was commenced and *lis pendens* recorded.

 We come now to appellants' point III. It having hereinbefore been shown that the property was community property of respondent and her husband Fritz, when he executed the deed of 1908 as a gift and without having received for it any valuable consideration, the transaction will be regarded in the light of the law of community property, as it was in the year 1908. Section 172 of the Civil Code, at that time, with respect to transactions like those herein involved, stood as amended in 1891. It provided that a husband could not make a gift of community property or convey the same without consideration unless the wife, in writing, consent thereto (5 Cal. Jur. 341), citing *Spreckels* v. *Spreckels,* 116 Cal. 343 [53 Am. St. Rep. 170, 36 L. R. A. 497, 48 Pac. 228], and many others. "Though the husband is forbidden by the statute to give away any part of the community property without the wife's consent in writing, yet a gift made by him in contravention of the statute is not a nullity. On the contrary, the property vests in the donee, subject to the right on the part of the wife to have it revoked. Moreover, since the gift is voidable only at the election of the wife, it binds the husband and his successors. Accordingly, the wife may recover in case of transfer in violation of the amended section, only one-half of the property conveyed by the husband." (5 Cal. Jur. 342; *Dargie* v. *Patterson,* 176 Cal. 714 [169 Pac. 360].)

 In arguing their point II appellants contend that the court erred in rejecting certain testimony, which is set forth as follows: "Gustav F. Heinze, recalled on behalf of defendants in surrebuttal, being first duly sworn, tes-

tified as follows: Direct examination by Mr. Pacht: On or about the 20th day of September, 1915, Mrs. Emelia Pomper of Los Angeles resided at 213 North Flower. During the last year and a half of Mrs. Pomper's life she lived with us, me and my wife. We took care of her. She was approximately 45 or 48 years old at the time of her death. Q. Did she know what her condition of physical health was about a year and a half prior to the time of her death? To which question plaintiff objected. Which objection was sustained. Whereupon defendants offered to prove by said witness that said Mrs. Pomper was taken care of by Mrs. Heinze for a year and a half prior to her death; that she boarded with her; all tending to the effect of consideration of said deed. · Plaintiff objected to the introduction thereof, which objection was sustained.'' It will be noticed from the above quotation that no grounds of objection were stated by counsel, and yet they were sustained. Technically, this was erroneous. The question itself suggests many objections that might have been interposed, all of which would be good; but upon the matter of the offer made by defendants and appellants to prove that Emelia Lenk Pomper was taken care of by Mrs. Heinze for a year and a half prior to the former's death, and that she boarded with Mrs. Heinze, that is probably admissible as having some bearing upon the consideration of the deed executed by Emelia Lenk Pomper to Heinzes by the mesne conveyance to the Behnkes. However, we are of the opinion that the deed of Emelia Lenk to Alfred A. Behnke and wife, followed by the mesne conveyance of Behnke and wife to Heinze and wife, as under the code sections heretofore cited, is presumed to have been for a valuable consideration. The evidence, if it had any bearing upon the consideration, was merely corroborative, perhaps merely cumulative upon that subject, and its exclusion would be harmless.

Plaintiffs, in their complaint, anticipating the defense founded upon the execution of these deeds by Emelia Lenk, alleged that said Emelia Lenk, deceased, was weak-minded and incompetent and under the absolute domination and control of said Fritz Pomper up to the time of his death in 1918; that said Emelia Lenk could not read nor write the English language, and could comprehend very little, if any, German reading or writing; that the defend-

ants Gustav Heinze, Alfred A. Behnke, Eleanor Behnke and especially the defendant Lena Heinze, who is of a strong will and strong personality, subsequent to the death of Fritz Pomper, took possession of and dominated and controlled the said Emelia Lenk and imprisoned her and hedged her so about that no one could get in touch with her; that while having the said Emelia Lenk under their control and mastery, they forced and compelled said Emelia Lenk, without knowledge on her part and against her will, and through fraud and misrepresentations, to sign an alleged conveyance to Alfred A. Behnke, which conveyance was recorded in book 6837, page 21, of deeds, records of Los Angeles County, on the eighth day of March, 1919, which deed was purported to be of date September 18, 1918; that at the time of said signing said Emelia Lenk, sometimes known as Emelia Pomper, did not know that she was signing a purported conveyance of any property or anything, but was informed and was led to believe and was coerced into believing that said instrument was a will by which she left all her property to her three sisters in Germany; that there was no consideration for said deed and the consideration mentioned therein is false; that said purported conveyance was taken in the name of said Behnke on behalf of Lena Heinze, who was endeavoring by said means to obtain said property for her own use and benefit without giving any consideration therefor, by the said misrepresentations to and coercion of said weak-minded Emelia Lenk, also known as Emelia Pomper; that any conveyance made by said Behnke to defendant Heinze was for the purpose of perfecting the aforesaid scheme and purposes of defendant Heinze. We have searched the record, without success, for any evidence supporting the averments as to fraudulent misrepresentations, domination or control, imprisonment, mastery or coercion of said Emelia Lenk. It is true there is evidence that she was ignorant of the English language and not well educated even in her native German language. It is shown that when she received from her companion, friend and supposed husband Fritz Pomper, the deed of 1908, she did not have the prudence or knowledge to cause the instrument to be duly recorded, but there is nothing in the testimony of any of the witnesses in the case to indicate any undue influence exercised

upon or against her to execute the deed to Behnke, and the witness Alfred Behnke's testimony indicates that she knew that the property was to be, by himself and his wife, again conveyed to Mr. and Mrs. Heinze. He said that no money was paid himself as a consideration for the deed, while the deed itself recites a consideration of $4,000, but Behnke stated that he merely acted as a dummy in the transaction because there had been a prearranged understanding and agreement with reference to the execution of said instrument, between Emelia Lenk and Mrs. Heinze. Quoting from his testimony: "Q. By Mr. Poole: You say you were supposed to take it over to protect her interest. To protect her interest in what? A. Well, she was—it was a prearranged affair between Mrs. Heinze and Mrs. Pomper that I was supposed to take this property over in my name to safeguard her interest so she would not give it away or sell it or dispose of it for little or nothing." The trial court, with reference to this deed, made its finding that it was executed without consideration. Even if this were true, in so far as she held a valid legal title to Fritz Pomper's one-half of the community property of himself and his wife, he had a right to make a gift of the property, and the plaintiff Emelia Pomper is not in a position to quiet the title of the defendants because, as to one-half of the property, she had and held no interest whatsoever. In other words, the plaintiff having failed to show title or possession or right of possession to an undivided one-half of the property, is not in position to complain that someone else, even though without title, asserts an interest in the property. "And defendant in such action may likewise effectually resist a decree against himself by showing, simply, that the plaintiff is without title." (*Williams* v. *City of San Pedro,* 153 Cal. 44 [94 Pac. 234], and cases cited therein, all cited in *Rockey* v. *Vieux,* 179 Cal. 683 [178 Pac. 712].) "Neither a recital of the consideration, nor a consideration in fact is necessary to support a deed as a valid conveyance of land if executed voluntarily, with knowledge of its contents and with intent to convey." (*Tillaux* v. *Tillaux,* 115 Cal. 663 [47 Pac. 691]; *Lieman* v. *Golly,* 178 Cal. 544 [174 Pac. 33].) Mere inadequacy of consideration is never of itself sufficient ground for setting aside a deed. (*Driscoll* v. *Driscoll,* 143 Cal. 528 [77 Pac. 471]; 9 Cal.

Jur. 140, sec. 41, and notes.) ▉ "One denying a valid transfer to a holder of a realty conveyance has burden to prove no conveyance or acceptance by a preponderance of evidence." (*Hodoian* v. *Garabedian*, 79 Cal. App. 762 [251 Pac. 227].)

We hold, as to appellants' point III, that if the property in question was the community property of Fritz Pomper and his real wife, Emelia Pomper, that Fritz Pomper conveyed a valid title only to an undivided one-half, and that the trial court erred in refusing to enter another and different decree. As we have shown, the law of this state upholds appellants' position in this regard. Directly in point is the case of *Dargie* v. *Patterson, supra*.

In considering appellants' point IV we are convinced that the final judgment of the trial court that the children of said respondent Emelia Pomper and Fritz Pomper are now, with their mother, the owners in fee, and entitled to the possession of the described real property, was and is erroneous, and in fact is without any evidence to support it. All the transactions involved in this litigation occurred before the amendment to Civil Code, section 1401, as it now stands.

▉ As to appellants' point V, we are satisfied that the trial court's refusal to retax costs, as requested, was proper. The ultimate judgment that should have been rendered in this case, in our opinion, was correctly rendered in so far as it adjudged that the plaintiff Emelia Pomper was entitled to judgment quieting her title to an undivided one-half of the real property described in the complaint, and also entitled to one-half of the sum found by the receiver and referee, for rents. It follows, therefore, that having prevailed to that extent at least, plaintiff would be entitled to judgment for costs. (*Witherill* v. *Breehm*, 74 Cal. App. 286, 289 [240 Pac. 529].)

It is ordered that the judgment in civil action No. 3721 is affirmed. Judgment in civil action No. 3722, including consolidated civil action No. 3720, is reversed, with directions to the trial court to enter judgment that the plaintiff Emelia Pomper of Germany is the owner of an undivided one-half interest in the real property involved in this litigation, and that the defendant Gustav Heinze is the owner of the other undivided one-half thereof. The rents which have

accrued during the pendency of this litigation should, by the terms of the new and modified judgment herein, be equally divided between the said plaintiff Emelia Pomper and said defendant Gustav Heinze. The other defendants, Eleanor Behnke and Alfred A. Behnke, should be dismissed hence. The plaintiffs Anna Wanda Loeffler, Anna Auguste Herold, and Freda Camila Rudolph take nothing by their action. The appellants in civil action No. 3722 are entitled to their costs on appeal.

Thompson (R. L.), J., and Finch, P. J., concurred.

A petition for a rehearing of causes 3720 and 3721 was denied by the district court of appeal on April 17, 1929.