[Civ. No. 1907. Fourth Appellate District.—June 23, 1936.]

MARCELLA A. VINCENT, Appellant, v. GROVER T. GARLAND et al., Respondents.

Charles E. Hobart for Appellant.

Salisbury & Robinson and B. R. Ware for Respondents.

TURRENTINE, J., *pro tem.*—Defendants William J. Garland et ux. mortgaged certain real property to Grover T. Garland. Thereafter, mortgagors conveyed the property to plaintiff, Marcella A. Vincent, subject to the mortgage. The mortgage becoming due and unpaid, the mortgagee, Grover T. Garland, instituted an action to foreclose the mortgage and in the action Grover T. Garland was plaintiff and William J. Garland et ux., the mortgagors, and Marcella A. Vincent, the grantee of the mortgagors and plaintiff herein, were made defendants. After filing suit and duly serving the defendants, but before judgment, the mortgagor William J. Garland paid the sum due on said mortgage to Grover T. Garland whereon the action was dismissed as to William J. Garland et ux., and the action was continued in the name of Grover T. Garland pursuant to agreement between Grover T. Garland and William J. Garland. The foreclosure decree was entered October 3, 1931. November 2, 1931, the sheriff, pursuant to the decree of foreclosure, sold the property to Grover T. Garland. This was done on the promise of Grover T. Garland that he would purchase the property for William J. Garland. Plaintiff herein brought this action to quiet her title to the property covered by said mortgage against the defendants shortly prior to the expiration date of the equity of redemption. The lower court entered its decree that she take nothing by virtue of this action and that she has no right, title, interest or estate in the property covered by said mortgage. From such judgment plaintiff appeals.

 Respondent objects to the jurisdiction of this court to entertain the appeal. The judgment herein was made on stipulation as to the facts. After entry of judgment the plaintiff duly filed notice of intention to move for a new trial and made his motion, which was denied. Notice of appeal was served and filed within 30 days after denial of the motion for new trial, but 61 days after notice of entry of judgment. Respondents' contention is that as the facts were all stipulated there could be no new trial and the motion for new trial was a nullity; that the appeal must be perfected within 60 days from entry of judgment, and as it was not the appeal is ineffectual. If respondents' contention that the trial court could not properly grant a new trial because all of the facts were stipulated be sound it does not follow that the appeal

is not duly perfected. In *Estate of Nutt*, 180 Cal. 419, 422 [181 Pac. 661], it was said:

"If it be true that Ann Nutt Baker was an adverse party in the sense that unless by service she was made a party to the proceeding on motion for a new trial the trial court could not properly grant the motion, that fact would be a reason requiring the denial of the motion, but it would not deprive the trial court of jurisdiction to hear and determine the motion. This, we think, is the effect of the authorities. (See *Johnson* v. *Phenix Ins. Co.*, 146 Cal. 571 [80 Pac. 719] and cases there cited.) So it may not be held that a new trial proceeding was not pending in this case. Its facts clearly distinguish it from *Whiting-Mead etc. Co.* v. *Bayside Land Co.*, 178 Cal. 93 [172 Pac. 598], where there was no initiation of a new trial proceeding as to any adverse party. It follows from what we have said that the appeal taken within thirty days after the entry of the order denying a new trial was in time."

To the same effect see *Peak* v. *Key System Transit Co.*, 199 Cal. 212 [248 Pac. 676]; *O'Malley* v. *Carrick*, 60 Cal. App. 48 [212 Pac. 45]; *Pomper* v. *Behnke*, 97 Cal. App. 628 [276 Pac. 122]. These cases dispose of this contention adversely to respondents.

■ Jones on Mortgages, section 768, lays down the following rule: "And so a mortgagor, who has sold subject to the mortgage debt, upon being compelled to pay it, is subrogated to the benefit of the security, without any formal assignment of it to him. He thereby becomes an equitable assignee of it, and may enforce it against the property." This rule is quoted with approval in *Beach* v. *Waite*, 21 Cal. App. 304 [131 Pac. 880]. "If such vendee takes subject to the mortgage the land thereupon becomes, so far as the mortgagor is concerned, and as between him, the creditor, and the vendee, primarily liable for the payment of the debt. . . . When such conveyance is made, the relation of principal and surety springs up between the land and the mortgagor, he being the surety and the land the principal debtor. . . . He becomes at once entitled to all of the protection which the law gives to sureties." (*Braun* v. *Crew*, 183 Cal. 728 [192 Pac. 531].)

"The principal question in the case is whether the transfer of the note, and the assignment of the mortgage to the

original mortgagor, after the premises had been sold subject to the mortgage, constituted in law a discharge of the mortgage, so that it could not be enforced against the property. We think it very clear that they did not. When the estate was sold subject to the mortgage, the mortgage was left as a primary charge upon the land, although the grantee did not make herself personally liable for it, by assuming it. The grantor, who was the maker of the mortgage note, was entitled to have the mortgaged property applied in payment of it. To protect her own interests, she might take an assignment of the mortgage and the debt, and enforce the mortgage by a foreclosure, as effectually as if she was not the maker of the note." (*Pratt* v. *Buckley,* 175 Mass. 115 [55 N. E. 889].)

"The distinction between the rights and liabilities of a grantee assuming a mortgage and a grantee who merely takes subject to a mortgage without assuming the payment of the mortgage is quite plain. See Pomeroy, Equity Jurisprudence (4th ed.), secs. 1205, 1206; 15 Harv. L. Rev., p. 398; Stearns on Suretyship (3d ed.), sec. 90. When the grantee assumes the mortgage debt as between the grantee and the mortgagor, not only is the land a primary fund for the payment of the debt, but likewise the personal liability thus assumed by the grantee. On the other hand when the grantee merely takes subject to the mortgage, while it is true that the grantee assumes no personal liability whatever, nevertheless the security in his hands is liable for the payment of the mortgage debt, which liability as between the grantee and the mortgagor is primary. Therefore, to the extent of the value of such security properly applicable to the mortgage debt, the original mortgagor and the grantee subject to the mortgage stand in a relation one to another, which, while not a true suretyship, is nevertheless equitably analogous thereto and subject to the operation of the same principles. The original mortgagor is entitled to pay the debt at any time and to be immediately subrogated to the right of the mortgagee to foreclose the mortgage, although he has no personal claim against the grantee, and the mortgagee has no personal claim against such grantee to which the mortgagor could be subrogated." (*Zastro* v. *Knight,* 56 S. D. 554 [229 N. W. 925, 72 A. L. R. 379].)

In our opinion the judgment entered in this action was correct. If the action could be maintained at all after payment by the original mortgagors as set forth in the statement of facts, it could be maintained in the name of the original party. "In case of . . . transfer of interest, the action or proceeding may be continued in the name of the original party, . . . " (Code Civ. Proc., sec. 385.)

Judgment affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 20, 1936.