[Civ. No. 12683.   Second Appellate District, Division Two.—January 10, 1941.]

C. E. FULLER et al., Appellants, v. VISTA DEL ARROYO HOTEL (a Corporation), Respondent.

Henry P. Goodwin and Daly B. Robnett for Appellants.

Jennings & Belcher and Louis E. Kearney for Respondent.

McCOMB, J.—From a judgment in favor of defendant predicated upon the granting of its motion for a directed

verdict in an action to recover damages for personal injuries, plaintiffs appeal.

The essential facts are:

Plaintiff Nellie E. Fuller had been a guest of defendant hotel at frequent intervals for a period of about five years. At approximately 4:00 o'clock on the afternoon of August 13, 1938, while descending a flight of concrete steps to the walk surrounding the swimming pool owned and operated by defendant, she stepped on the second step which was damp and partly shaded by the shadow of adjacent trees, slipping and falling with a resultant broken leg.

The step where the accident happened was twelve inches wide and had a slope in such distance of approximately ⅜ of an inch. When constructed it had been roughened by brushing, the marks on the step where the accident occurred running the width of the step rather than lengthwise as was the case of marks on other steps in the series. At the time of the accident it was slick and smooth. Both defendant and plaintiff guest knew that the steps were used by bathers and were damp.

Plaintiff Nellie E. Fuller relies for reversal of the judgment on these propositions:

*First: There was substantial evidence to sustain a finding of the jury that defendant was negligent in the maintenance of its stairway.*

*Second: The trial court committed prejudicial error in permitting defendant to file an amended answer denying its alleged negligence at the time the case was first called for trial.*

*Third: The trial court committed prejudicial error in sustaining objections to evidence offered by plaintiff.*

The first proposition is untenable. Viewing the evidence, as we have in arriving at the facts above stated, in the light most favorable to plaintiffs, we are of the opinion that such facts fail to disclose any act or acts of negligence by defendant nor would they support an inference that any negligence of defendant was the proximate cause of the regrettable injury which plaintiff Nellie E. Fuller has suffered. The case is analogous to the facts in *Gold* v. *Arizona Realty etc. Co.*, 12 Cal. App. (2d) 676 [55 Pac. (2d) 1254], wherein plaintiff slipped while descending a stairway in defendant's apartment house. Judgment was given in favor of plaintiff and reversed by this court for insufficiency of the

evidence. Mr. Justice Wood, speaking for this court, says at page 677:

"The evidence upon which plaintiff must rely to support a judgment in her favor comes from her own testimony and that of the manager of the apartment house. Plaintiff testified that as she went down the stairway she 'felt some sort of foreign substance under the sole of my foot, and with that my weight just went from under me.' When asked what she found on the sole of her shoe plaintiff stated: 'It was a wet spot, and it looked slick on the sole of my shoe, so I rubbed my finger on it, and I put it to my nose to see if I could determine what it was, and it was a soapy or waxy substance of some sort.' The manager of the apartment house testified that the janitors frequently washed the stairway with soap and water. The janitors were not called as witnesses. The record fails to disclose sufficient evidence as a matter of law to charge defendant with responsibility for plaintiff's accident."

To a similar effect see *Crawford* v. *Pacific States S. & L. Co.*, 22 Cal. App. (2d) 448, 449 [71 Pac. (2d) 333].

█ Plaintiffs' second proposition is likewise untenable. When the above-entitled case was first called for trial and a jury impaneled, the attention of defendant was directed to the fact that its answer failed to deny its negligence, whereupon the following colloquy between the court and counsel occurred:

"(The following occurred in chambers, outside of the hearing of the jury):

"Mr. Belcher: Counsel for plaintiff have indicated to me that upon putting into evidence a tabulation as to the amount of damages, that they propose to rest their case. I was somewhat surprised at that when they so indicated, and upon hastily checking over the pleadings I note that through inadvertence we have failed to deny Paragraph V of the complaint, which is the paragraph which alleges negligent acts on the part of the defendant. I will say to the Court that it is purely a typographical error and simply an oversight, and I am taken very much by surprise upon ascertaining the matter at this time. The answer in question was drawn by Mr. Fargo; and that being true, we ask leave of the Court at this time to be permitted to deny generally and specifically the allegations of Paragraph V of the plaintiffs' complaint.

"Mr. Robnett: To which motion we object upon the ground that it is too late. No sufficient ground is shown for allowing an amendment, and this places the plaintiff in a very disadvantageous position for the reason that this case has been at issue since sometime in July, 1939; and the answer is now on file which does not deny two paragraphs of the complaint, being Paragraphs IV and V, Paragraph IV being the one which states that the defendant owned, operated and maintained the hotel and bungalows and these walks, and paths, where this injury occurred, and where guests and other employees traversed this stairway and promenade from the swimming pool; and Paragraph V which states that it was maintained in a dangerous and negligent condition, defective condition, wilfully and carelessly, and that they allowed water to be spilled thereon, making it slippery; and other items set forth specifically therein, namely, being the paragraph that sets forth their liability, and they have never denied that nor have they denied Paragraph IV, as I have stated. Neither one of them is denied. That answer has been on file all this time. We prepared for trial only because of the issues as they are. In the meantime we did not take any depositions of certain witnesses. One witness cannot attend court at this time. We would have to have her deposition. She is very, very important here. Her condition and health is such that we could not possibly have her in court. I don't know whether she could even give a deposition. She is just ready to be confined. Then, we have never examined the plaintiff on that proposition, although counsel for defendants took her deposition under 2055. Counsel for plaintiff did not go into the matter at all with her, and she is now unable to either give a deposition or to testify in court. She is in a very bad condition; and any delay in this case might be a total defeat of justice so far as the plaintiffs are concerned for the reason that the plaintiff, Nellie E. Fuller, is very seriously ill at the present time, and, in fact, so seriously ill that it may prove fatal at any time. Therefore a delay would be to our great disadvantage. Counsel has not shown any excuse other than mere negligence on their part, which is not excusable negligence, in examining the pleadings or in knowing what the issues were. Further than that we had no intimation that there would be anything of this nature brought up at the trial because there had been some

discussion of a settlement. The defendant has been very friendly to the plaintiff. The plaintiffs still live over there with them, in fact, at their place. They have been very friendly. There has been an effort to settle. The only thing apparently between the parties was the question of the amount. I now am informed this morning of two other witnesses that would be very material witnesses and that they have suffered some .illness in their family where they have to be in attendance—maybe one of them is ill. They are in attendance at the hospital at the present time and could not attend here. Further than that; in the selection of the jury we took into account the issues as they were, and not otherwise. We made. no examination of the jury on anything other than merely the general examination, and were not specific as to going into these phases at all. We do not know whether this jury would have been satisfactory, and our challenges would have probably been entirely different had we known that the question of negligence would be an issue at the time. It was not in issue. I made no opening statement to the jury purposely because there was no necessity for an opening statement. I expected an instruction on that phase of the matter, namely, that the defendant had admitted liability and it was only a question of amount. For that reason the motion should not be granted. It would place us in a very hazardous position in the trial of this case. We could not be ready to proceed, for the jury has already been selected and we have presented our case. I do not believe there is any good or sufficient ground for granting the motion. I would like to cite your Honor some authorities to this effect:

"The Court: That would be all right if it were not an oversight.

.   .   .   .   .   .   .   .   .   .   .   .   .   .

"The Court: I am going to allow you to amend, and I am going to put it off calendar to give you a chance to get your witnesses in, and make the defendant pay all the expenses of the delay.

"Mr. Belcher: I think that is entirely fair.

"Mr. Robnett: May I say this: That there would be an item of expense for the doctor that we had to have here, which was a special item.

"The Court: Mr. Robnett, let me finish. He is going to pay all expenses you incurred up to date. You are entitled

to and you will get the doctor's expense and anybody else that you hired to come here to testify. You are entitled to that, and all the other expenses you have.

"Mr. Robnett: There is another item, and that is the jury list that we had to select from.

"The Court: That is all right. He will pay you everything you incurred.

"Mr. Goodwin: Suppose, Your Honor, this condition arises: You put it off calendar and it will be a matter of a month before we can get back in.

"The Court: I will continue it definitely for two weeks if you can get ready in that time.''

From the foregoing it is apparent that defendant's counsel through inadvertence failed by the original answer to deny negligence upon the part of defendant. It was therefore the trial court's duty, under section 473 of the Code of Civil Procedure, to permit defendant to file an amended answer, in the furtherance of justice, so that the facts might properly be brought before the court. The trial court having exercised a sound discretion in its ruling, its order will not be disturbed. We fail to see wherein prejudice has resulted to plaintiffs from the trial court's ruling.

Plaintiff's final proposition is likewise without merit.

█ (a) The trial court sustained objections to questions asked three different witnesses by plaintiff relative to whether or not they had seen other persons slip on the steps. Evidence of this character had already been received by the court and, if it had any bearing upon the present case, it was cumulative evidence upon the same point and its exclusion was harmless (*Pomper* v. *Behnke,* 97 Cal. App. 628, 639 [276 Pac. 122]).

(b) Other evidence offered by plaintiff, which was excluded by the trial court upon objection, related to the injuries which plaintiff had suffered and is therefore immaterial, in view of the conclusions which we have previously stated.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., concurred.

WOOD, J., Dissenting.—I dissent.

In my opinion the question of the alleged negligence of defendant should have been submitted to the jury. The

steps upon which plaintiff slipped had been allowed to become slick and smooth and had remained in that condition for a long time notwithstanding bathers had frequently dampened them. At the time of the accident the steps were "damp in some places and dry in others"; there were spots of water which appeared to have been made by wet feet. The case of *Gold* v. *Arizona Realty etc. Co.*, cited in the majority opinion, can be readily distinguished. In that case the plaintiff slipped upon some substance which had been placed or left in some manner upon a stairway and it was not shown that the substance had been left on the stairway for a sufficient length of time to charge the defendant with notice. The judgment of the court was based upon the following statement which appears in the opinion: "It was not shown that the 'substance' which caused plaintiff's fall had been on the stairway any length of time or that it had been left there by an agent of defendant".

In my opinion the question of the alleged contributory negligence of plaintiff should have been submitted to the jury. Plaintiff testified that she had not used the stairway for "fully a year" before the accident; that she was not accustomed to bathing at the pool; that the steps were "neutral in color . . . sort of a tan"; that the steps appeared to be dry; that she noticed nothing unusual or extraordinary about the surface of the steps. Plaintiff was not guilty of contributory negligence as a matter of law.