[Civ. No. 5898. Fourth Dist., Aug. 28, 1959.]

ERNEST R. POST, Appellant, v. CAMINO DEL PROP-ERTIES, INC. (a Corporation), et al., Respondents.

448

Kimball & Smith for Appellant.

Higgs, Fletcher & Mack for Respondents.

GRIFFIN, P. J.—Plaintiff and appellant brought this action against defendant Camino Del Properties, Inc. and defendant and respondent Mission Valley Country Club, a nonprofit corporation (hereinafter referred to as the Club), alleging that on August 19, 1956, both defendants operated and maintained a recreational area within which was a swimming pool; that on that day plaintiff, as an invitee, went into that area, slipped and fell as a direct result of defendants' negligent maintenance of the surface of the recreational area in a slippery, hazardous and unsafe condition. Plaintiff claimed injuries and damage to the extent of $24,440.

Defendants answered and claimed respondent Club was lessee in possession of the premises and defendant Camino Del Properties, Inc., was lessor and that respondent Club maintained and operated the premises. Each defendant

denied generally any negligence and affirmatively pleaded contributory negligence on the part of the plaintiff. When plaintiff rested his case, both defendants moved for a nonsuit. It was granted as to defendant Camino Del Properties, Inc., and denied as to defendant Club. Upon the conclusion of the case defendant Club moved for a directed verdict in its favor which was denied. The jury returned a verdict against it for $9,150. It then moved for judgment notwithstanding the verdict or in the alternative grant it a new trial under section 629 of the Code of Civil Procedure, on the ground of insufficiency of the evidence and error at law in admitting certain evidence at the trial. Both motions were granted. Plaintiff appealed from this judgment and the alternative order granting a new trial, which order provided it was only effective in case the trial court was in error in granting respondents' motion for judgment notwithstanding the verdict.

The issues presented are: (1) Whether there was sufficient substantial evidence to support the verdict of the jury and whether the trial court was precluded from granting defendant Club a judgment notwithstanding the verdict; and (2) If so, did the trial court err in granting a new trial upon the grounds stated? In determining these questions a résumé of the evidence is necessary.

Plaintiff Post, then about 42 years of age, had been a member of the Club for three and one-half years. On this particular morning he played 18 holes of golf and concluded about noon time. He and his golfing friends visited the snack bar. He had two bourbon and sodas and lunch, and donned a swimming suit. Thus clad and barefooted he seated himself near the swimming pool for about 30 minutes, where his two children were playing. The area around the pool was of roughened surface concrete. Before reaching the pool and sunken below this level was an area of smooth concrete for a distance of 12 to 15 feet from the pool. A set of two steps, 12 to 14 inches wide with 6 or 8 inch risers, was constructed between these areas and extends on three sides of the pool. The steps were of a black cement and not roughened. Plaintiff walked toward these steps, from where he was seated. They were wet from other bathers' dripping suits. Somewhere thereon plaintiff's foot slipped out from under him and he fell. His head struck the concrete and knocked him unconscious. He received injuries resulting in a fracture of the

fourth thoracic vertebrae, which might necessitate the fusion of the third, fourth and fifth thoracic vertebrae. Certain steps, at the opposite and shallow end of the pool, which was similar in construction, where children generally played and entered the pool, black Carborundum abrasive tape or material, in strips, had been placed on each of the treads of the steps by officials of the Club to prevent slipping or falling of the children. No such strips had been placed on the steps where plaintiff was about to enter the pool near the deep end.

Plaintiff testified he walked in the usual manner to the steps, slipped on the top one, and fell down on the cement; that he had visited the pool and used it on four or more previous occasions; that he was familiar with the rough cement area; that he was not familiar with the smooth black cement area where he fell, but did know a tape was applied in the shallow portion where he usually went to enter the pool and assumed it extended around the pool; that ordinarily, for reading purposes, he required eye-glasses but did not need or use them to see where he was going on this occasion.

Plaintiff's golfing partner testified he believed plaintiff had some form of drink after the game but he was "completely sober"; that after that, he went home and did not see the plaintiff or the accident happen.

Another witness for plaintiff testified he had been swimming that day and was seated near the pool; that he saw a man walk very casually toward the pool and his feet flipped up in the air about 3 or 4 feet and he came down with a re-sounding smack.

Plaintiff called a witness under section 2055 of the Code of Civil Procedure, the pool manager and life guard, who testified generally that he was such manager for about two years guarding the people to make sure no one drowned; that he was there when the pool first went into operation; that he put stripping along the west step to stop the slipping because there was another accident where most of the people walked and they had quite a few falls in that area. (A motion to strike that last statement as to prior falls was denied by the trial court and exception is here taken to that ruling.) He then testified the reason he put the stripping down was because of the smooth concrete and "the minute people become wet and hit the concrete they would slip"; that on occasions prior to August 19, 1956, he requested his superior or officials of the Club to place stripping along the steps east of the planter-box (apparently in the vicinity where plaintiff fell); that they kept saying they would obtain it but did not do so; that

he put on a wax called "sure grip" and it was supposed to be very good and would prevent bare feet slipping; that he put it on twice a year but eventually it would wear and then when the water hit it, it would be very slippery; that after a few months (3 or 4) it was not very effective and he put new wax on it; that the last time he remembered putting it on prior to August 19 was about April. After further examination it appears that this witness was acquainted with counsel for plaintiff, taught his daughter how to swim, and sought some legal advice from him in reference to his own problems, without cost, just before the instant action was filed, and that this witness' employment as guard was terminated in January, 1957. He then testified that he was not influenced in his testimony by these facts; that before August 19, he had personally never seen anybody fall in the area on the north side of the pool where plaintiff fell and that he was at the pool nearly every day during those years; that he previously brushed these steps with wax but did not examine them on August 19th as to further need; that on August 19th many people used these same steps, going and coming, and he saw no one slip or fall.

A life guard testifying for defendants, said he saw the accident, saw someone (Mr. Post) "lose their balance and fall"; that he was coming toward the pool towards the steps, in a "rather hurriedly walk" and as he reached the second step "his feet went out from under him and he fell back"; that he did not see Mr. Storey, the pool manager, in the area just before the fall but did see him shortly thereafter and that there was water on the steps but no foreign substance on which plaintiff could have slipped. After full instructions on the law and on this evidence the jury rendered its finding against the defendant Club.

The general rule adopted in this state is that the trial court may enter a judgment notwithstanding the verdict of a jury only when, disregarding conflicting evidence and indulging every legitimate inference which may be drawn from the evidence in favor of the party against whom the judgment is entered, it can be said there is no evidence of sufficient substantiality to support a verdict in favor of such party. (*Voorheis* v. *Hawthorne-Michaels Company*, 151 Cal.App.2d 688, 695 [312 P.2d 51]; *Raber* v. *Tumin*, 36 Cal.2d 654 [226 P.2d 574]; *Blake* v. *Hearst Publications, Inc.*, 75 Cal.App.2d 6, 8 [170 P.2d 100]; *Card* v. *Boms*, 210 Cal. 200, 202 [291 P. 190].)

■ A motion for a directed verdict is in the nature of a demurrer to the evidence, is governed by practically the same rules, and concedes as true the evidence on behalf of the adverse party, with all fair and reasonable inferences to be deduced therefrom; and even though a court might be justified in granting a new trial, it would not be justified in directing a verdict on the same evidence, the power of the court in passing upon such motions being strictly limited, and it having no power to weigh the evidence, being bound to view it in the most favorable light in support of the verdict; but on a motion for a new trial if, in the opinion of the court, the evidence is unreliable, it is its duty to grant the motion, and it may do so even where there is substantial evidence to sustain the verdict if it believes that the evidence preponderates against the verdict. (*Estate of Flood,* 217 Cal. 763 [21 P.2d 579].)

■ Concerning the evidence bearing on the question of lack of ordinary care exercised by defendant Club, which concededly maintained the premises, there is evidence, if believed by the jury, that the steps in question presented a smooth surface which, when water was applied, would become at once a slippery and dangerous surface. There is testimony that this claimed hazardous condition was known to the employees of the defendant Club and steps had previously been taken to rectify this condition along other portions of the area by brushing a nonskid material on the steps which material had become worn and needed further attention to make them safe. It might be reasonably inferred that the defendant Club officials knew that these particular steps were not being properly maintained at that time and there was some responsibility on defendant Club to properly maintain them. This is the view the trial judge first took in reviewing and denying defendants' motion for a nonsuit, and such conclusion seems tenable. (*Raber* v. *Tumin,* 36 Cal.2d 654, 656 [226 P.2d 574].) We therefore conclude that it was error to grant defendants' motion for judgment notwithstanding the verdict.

A different rule applies in considering the ruling on defendants' motion for a new trial. ■ Usually, on a question of the insufficiency of the evidence, where there is any substantial conflict, the matter is largely in the discretion of the trial court to adjudge the credibility of the witnesses, their interest in the case, determine the probative force of their testimony, and weigh the evidence. It is its exclusive province to weigh

the evidence and to draw inferences from it. If, however, as a matter of law, there is no substantial evidence to support a judgment in favor of the moving party an order granting a new trial must be reversed on appeal. (*Henningsen* v. *Howard,* 117 Cal.App.2d 352, 355 [255 P.2d 837]; *Roberson* v. *J. C. Penney Co.,* 136 Cal.App.2d 1, 5 [288 P.2d 275]; *Richardson* v. *Ham,* 44 Cal.2d 772, 775 [285 P.2d 269]; *Brooks* v. *Metropolitan Life Ins. Co.,* 27 Cal.2d 305, 307 [163 P.2d 689].) The mere fact alone that defendant slipped on a step would not necessarily be negligence on the part of defendant Club. (*Fuller* v. *Vista Del Arroyo Hotel,* 42 Cal. App.2d 400 [108 P.2d 920].) The burden was on plaintiff to show some negligence on its part and that such injuries were proximately due to such negligence. The court instructed the jury that negligence may consist either in the failure to do some act or to take some precaution that an ordinarily prudent person would do or would exercise under the same or similar circumstances. The trial court, in weighing the evidence, may well have disbelieved the testimony of the manager of the pool in reference to the actual condition of the steps on prior occasions or that he told the defendant officials that the application of the nonslip product was ineffective or that it should be replaced by strips of Carborundum tape at that point. He stated he never saw any person slip on those steps prior to this occasion, in the manner here indicated. Furthermore, the trial court may well have believed that plaintiff, due to the absence of glasses or otherwise, failed to see the steps or their condition at the time and hurriedly stepped upon them, and that the accident was due, in part, to his own negligence. Under these circumstances the trial judge would be authorized in granting a new trial.

 In addition, the question of the admissibility of the testimony in reference to other people slipping on previous occasions at other places around the pool was open to review by the trial court on the motion for a new trial. In *Laird* v. *T. W. Mather, Inc.,* 51 Cal.2d 210 [331 P.2d 617], our Supreme Court held that before evidence of previous injuries may be admitted on the issue of whether or not the condition as it existed was in fact dangerous, it must first be shown that the conditions under which the alleged previous accident occurred were the same or substantially similar to the one in question, but the strictness of this requirement is "much relaxed" when the purpose of the offered evidence is to show notice. Therein, *Thompson* v. *Buffum's, Inc.,* 17 Cal.App.2d

401 [62 P.2d 171], was disapproved insofar as it was inconsistent with the Laird decision. It said, in a footnote at page 220, referring to the Buffum's case, that "the court upheld a ruling sustaining the objection to counsel's questions as to whether or not other women had previously fallen on the stairway in question. The court held that the questions were properly excluded, on the ground that the inquiry was not limited to the particular step of the stairway where the accident occurred. The court did not discuss the possibility that, if proved, the fact that other women had fallen on the stairway might be relevant to the question whether the defendant was put on notice that something was wrong and should have inspected the stairway to discover any defect. This evidence could be relevant whether or not the previous falls had occurred on the same step." (Citing Wigmore on Evidence, § 252[4].)

 Plaintiff's complaint alleges his injuries were due to the negligent maintenance of the steps as opposed to the construction of them. The trial court admitted such evidence without limitation or qualification as to its purpose. No given instruction on that subject has been brought to our attention which would place any qualification or limitation on its consideration by the jury. The evidence of others slipping around some portions of the pool was rather indefinite and did not show such previous slippings were the same or "substantially similar" or took place in the area here indicated. They were in the area ordinarily used for egress and ingress to the pool, as distinguished from this area. The instant slipping was not the result of running or playing on the steps. The evidence of other slippings rather indicates that such slippings as were witnessed by the attendant were due to the activities of children in play, while running near the shallow end of the pool, where strips had been provided as a precautionary measure. The trial court, on a motion for new trial, apparently reconsidered the effect of this evidence and concluded that a sufficient foundation had not been laid to admit it for general purposes or that the failure to instruct the jury as to the limitation of its purpose was error and prejudicial, and therefore a new trial should be had under proper instructions. This conclusion would not be unreasonable. (*Magnuson* v. *City of Stockton,* 116 Cal.App. 532, 535 [3 P.2d 30] ; *Gorman* v. *County of Sacramento,* 92 Cal.App. 656 [268 P. 1083] ; *Brooks* v. *Metropolitan Life Ins. Co.,* 27 Cal.2d 305, 307 [163 P.2d 689].)

Appeal from the judgment for defendant notwithstanding the verdict reversed. Order granting a new trial affirmed. Respondent to recover costs on appeal.

Mussell, J., and Shepard, J., concurred.